202 S.W.3d 292 (2006)
MARK ANTHONY LASHER, Appellant,
v.
THE STATE OF TEXAS, Appellee.
No. 10-02-00198-CR.
Court of Appeals of Texas, Tenth District, Waco.
Opinion delivered and filed March 29, 2006.
Concurring Opinion Delivered and Filed July 12, 2006.
Before Chief Justice GRAY, Justice VANCE, and, Justice REYNA (Chief Justice GRAY concurs in the result without a separate opinion.)
DO NOT PUBLISH.

MEMORANDUM OPINION
BILL VANCE, Justice.
A jury convicted Mark Lasher of aggravated sexual assault of a child and assessed a forty-five year prison sentence and a $10,000 fine. Asserting five issues, Lasher appeals. We will affirm.
Lasher was indicted with sexually assaulting his seven-year-old niece, A.G., in November 2000. A.G. made an outcry to an aunt, who reported the assault to Child Protective Services, and A.G. was taken to a child's advocacy center, where A.G.'s interview by Nick Canto, a forensic interviewer, was videotaped.
Before trial in June 2002, the State filed a motion to allow the videotaped interview into evidence, claiming that A.G. was unavailable to testify because she would suffer severe emotional and psychological damage if required to testify in court. See TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (Vernon 2005). In a pretrial hearing on the State's motion, the State presented testimony from A.G.'s psychotherapist, who testified that A.G. was suffering from post-traumatic stress disorder, had flashbacks and nightmares, psychotic symptoms such as auditory and visual hallucinations, and significant sleeping difficulty. The psychotherapist opined that it would be destructive, incredibly taxing, and traumatizing for A.G. to testify live at trial and that it would be substantially better for A.G.'s welfare to have written interrogatories propounded to her.
The State suggested that the procedure for propounding written interrogatories to a child under section 2 of article 38.071 be utilized. The trial court agreed with the State's motion and also found that A.G. was unavailable to testify under article 38.071. The trial court noted Lasher's off-the-record objections to this procedure and also refused Lasher's counsel's request to be present or nearby and to be able to present follow-up questions for Canto's use. Thereafter, Canto conducted a second videotaped interview of A.G. using the State's and Lasher's written interrogatories.
Before testimony began at trial, Lasher's trial counsel referred to his previous objections to the videotapes of A.G. and also asserted that the use of written interrogatories denied Lasher his Sixth Amendment right to effective assistance of counsel because counsel was not allowed to offer follow-up interrogatories.
Lasher's first three issues on appeal allege Confrontation-Clause error because (1) section 2(b) of article 38.071 is facially unconstitutional, (2) the videotaped interviews were admitted, and (3) the trial court refused to allow Lasher's trial counsel to be present and able to submit follow-up written interrogatories during the second videotaped interview. When the videotapes were offered, admitted, and shown to the jury during Canto's testimony, Lasher's trial counsel objected by merely referring to his earlier objections. Lasher's trial counsel did not object at either time on the basis that Lasher's Sixth Amendment Confrontation-Clause right was being violated; he objected only on his Sixth Amendment right to effective assistance of counsel.
Lasher's complaints on appeal do not comport with the objections that he made in the trial court, which is necessary for preservation of the complaint. See Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (point of error must correspond to objection made at trial, and objection stating one legal theory may not be used to support a different legal theory on appeal). For this reason, his complaint has not been preserved for our review. See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); see also Crawford v. State, 139 S.W.3d 462, 464 (Tex. App.-Dallas 2004, pet. ref'd) (confrontation claim must be specifically raised in trial court to preserve complaint for appeal); Bunton v. State, 136 S.W.3d 355, 368-69 (Tex. App.-Austin 2004, pet. ref'd) (same). Additionally, objections must be sufficiently specific to make the trial court aware of the complaint; normally, general objections do not preserve a complaint for appeal. TEX. R. APP. P. 33.1(a)(1)(A); Bunton, 136 S.W.3d at 367. Lasher's trial counsel's mere references to his earlier, off-the-record objections do not preserve a complaint for appeal. Because Lasher did not preserve his Confrontation-Clause complaints for appeal, we overrule issues one, two, and three.[1]
Lasher's fourth issue complains that the trial court erred in refusing Lasher's attempt to present evidence of the Texas Sex Offender Registration Program (a copy of Chapter 62 of the Code of Criminal Procedure) over the State's relevance objection during the punishment phase.
In the punishment phase of a non-capital felony trial, the admission of evidence is a question of policy, not of logical relevance. Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000). "Determining what is relevant . . . should be a question of what is helpful to the jury in determining the appropriate sentence in a particular case." Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). The trial court has discretion on the admissibility of evidence, and its decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement"; i.e., the trial court abused its discretion. Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
In his brief Lasher does not point to any authority directly on point, instead asserting that courts have allowed testimony about inmate classification and prison rehabilitation programs and a study on the success of treated incest offenders. See Najar v. State, 74 S.W.3d 82, 87 (Tex. App.-Waco 2002, no pet.); Peters v. State, 31 S.W.3d 704, 716-17 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). We find no authority for the admission of statutes into evidence. We thus cannot say that the trial court abused its discretion in excluding the law on Texas Sex Offender Registration Program. Issue four is overruled.
Lasher's fifth issue complains of alleged improper jury argument, asserting that the prosecutor impermissibly commented on Lasher's failure to testify. In this case there was evidence that Lasher's brother (John) had been indicted for the same offense (aggravated sexual assault of A.G.) but had pled guilty to a reduced charge of indecency with a child and received a ten-year prison sentence under a plea bargain. In closing argument, Lasher's trial counsel referred to the evidence of John's offense and sentence and asked for "equal protection under our law." The defense lawyer noted that John had admitted to the aggravated sexual assault of A.G. as a part of his plea bargain, and then said:
Now the prosecutors may say, well, this is not fair because he [Mark Lasher] didn't admit he was guilty. Okay. Well, what I'm saying is fair under equal justice of our laws that same people be treated same in our courts of law for the same acts you convicted him of. . . . The crime is horrible, I agree with you, but I'm asking you to consider that as some guidance in your discussion in this case. . . . And if you sentence him to life, you know, 50, 40 or 30, I don't know what it is, but whatever it is, remember that John Edison Lasher was sentenced to ten years by the same district attorney who will be asking for more, probably. Okay? The only difference is that he admitted his guilt to this charge and my client, Mark, exercised his constitutional right, which each of us has, to a jury trial, and he has received that.
In rebuttal, the prosecutor argued: "Mark Lasher has never taken responsibility for his actions." The trial court overruled the defense objection that the prosecutor was commenting on Lasher's failure to testify.
Jury argument is limited to: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to argument of opposing counsel; or (4) a plea for law enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Sandoval v. State, 52 S.W.3d 851, 857 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd). A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). To determine whether a party's argument properly falls within one of these categories, we must consider the argument in light of the entire record. Sandoval, 52 S.W.3d at 857.
As a response to the defense argument that sought to have the jury treat Lasher the same as his brother despite his brother's guilty plea, the prosecutor's rebuttal was not improper.[2]See Albiar v. State, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987) ("If the defense counsel invites argument, as is the case here, then it is appropriate for the State to respond.");Wylie v. State, 908 S.W.2d 307, 310 (Tex. App.-San Antonio 1995, pet. ref'd); see also Lange v. State, 57 S.W.3d 458, 467-69 (Tex. App.-Amarillo 2001, pet ref'd). We overrule the fifth issue.
Having overruled all of Lasher's issues, we affirm the trial court's judgment.

CONCURRING OPINION
TOM GRAY, Chief Justice.
This appeal is already over four years old. I will not further delay its disposition by writing an expansive concurring opinion. I did want to note for the readers that by separate order on this date the Court is denying Lasher's motion for rehearing and simultaneously withdrawing the opinion and judgment that were issued March 29, 2006. In the original Memorandum Opinion, without any discussion of the difference between an as-applied unconstitutional challenge versus a facially-unconstitutional challenge to a statute, the majority overruled the confrontation/Crawford issues "because Lasher did not preserve his Confrontation Clause complaints for appeal. . . ." In response to the majority's disposition and in an effort to expedite the disposition, although I disagreed with the no-preservation determination because it was a facially-unconstitutional challenge, I simply had the opinion note that I concurred in the result without a separate opinion. I had already looked at the issue of whether or not a facially-unconstitutional challenge had to be preserved. I had already concluded, as Lasher does, that it does not have to be preserved in this circumstance. I had gone further to examine the issues on the merits and determined for myself that the issues should be overruled on the merits. Therefore, I could properly concur in the result. Because it was an unpublished opinion, given its age, I did not feel that it was worth the further delay and briefing effort.
As for the new opinion, I would not go through the tortured analysis of preservation in this case as the majority has done to avoid reaching the merits of these issues. Because the issues are framed as a constitutional challenge to the facial validity of the statute, I would address it and would conclude that the statute is not unconstitutional on its face.
With these comments, I respectfully concur in the disposition of this appeal by affirming the conviction of Mark Anthony Lasher.
NOTES
[1] Moreover, the jury heard similar accusatory hearsay testimony through several other witnesses, including an audiotaped interview of A.G. that Lasher's trial counsel requested be played for the jury. "The admission of inadmissible evidence can be rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial." Willis v. State, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989); see Etheridge v. State, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994).
[2] We readily acknowledge that such an argument, if not invited or a response to a defense argument, can be improper. See Roberson v. State, 100 S.W.3d 36, 40-41 (Tex. App.-Waco 2002, pet. ref'd); Hicks v. State, 815 S.W.2d 299, 302-04 (Tex. App.-Houston [1st Dist.] 1991, no pet.).