Joseph Robert BARNETT, Appellant

v.

The STATE of Texas, State.

No. 2–05–288–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 10, 2006.

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Anne Swenson, David M. Curl, Michael Erfe & Thomas C. Lee, Crim. Dist. Attys, Fort Worth, for State.

Panel B: HOLMAN, WALKER, and McCOY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Joseph Robert Barnett appeals his conviction for driving while intoxicated. After the trial court denied his motion to suppress, Appellant entered an open plea of nolo contendere. The trial court found Appellant guilty, sentenced him to fifteen days in the county jail, and assessed a $550 fine. In two points, Appellant asserts that the Arlington city ordinance that provided the officer's basis for the traffic stop was unconstitutionally vague and that the trial court abused its discretion by failing to rule that Appellant's warrantless arrest was illegal under the Fourth Amendment of the United States Constitution. We affirm.

### FACTUAL BACKGROUND

At approximately 3:00 a.m. on September 3, 2003, City of Arlington Police Officer Anthony Wright saw a green Jeep driving down the service road of U.S. Highway 287. Officer Wright observed two female passengers sitting on top of the headrest area of the rear seat of the Jeep, holding onto the roll bar. Officer Wright stopped the vehicle. Appellant was subsequently arrested for driving while intoxicated.

### CONSTITUTIONALITY OF THE ORDINANCE

In his first point, Appellant asserts that the Arlington city ordinance, which provided the basis for Officer Wright's traffic stop of Appellant, is facially unconstitutional. The State asserts that Appellant has failed to preserve his complaint.

 There are two types of challenges to the constitutionality of a statute: the statute is unconstitutional as applied to the defendant, or the statute is unconstitutional on its face. *Fluellen v. State,* 104 S.W.3d 152, 167 (Tex.App.-Texarkana 2003, no pet.). The constitutionality of a statute as applied must be raised in the trial court in order to preserve error. *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim.App.1995). Appellant was not required, however, to raise in the trial court a constitutional challenge that the statute is facially invalid, because a defendant may raise a constitutional challenge to the facial validity of a statute for the first time on appeal. *See Garcia v. State,* 887 S.W.2d 846, 861 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).

 This rule is limited to challenges to the constitutionality of the statute under which a defendant was actually convicted. *See Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987). The rationale for the *Rabb* exception to the general rule that failure to object at trial waives any right to complain is because if the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it.

*See Reyes v. State,* 753 S.W.2d 382, 383–84 (Tex.Crim.App.1988). Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute. *Sullivan v. State,* 986 S.W.2d 708, 713 (Tex.App.-Dallas 1999, no pet.). Because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating. *Webb v. State,* 899 S.W.2d 814, 818 (Tex.App.-Waco 1995, pet. ref'd). Here, Appellant challenges the constitutionality of the Arlington city ordinance that justified Officer Wright's stop of Appellant, as opposed to the driving while intoxicated statute under which he was convicted. The *Rabb* rule should not be applied to allow Appellant to raise the constitutionality of the ordinance providing the justification for Officer Wright to stop Appellant without first presenting the argument to the trial court.[1] *See id.; Lasher v. State,* 202 S.W.3d 292, 295, No. 10-02-00198-CR, 2006 WL 1910982 at *2-*3 (Tex.App.-Waco July 12, 2006, no pet h.) (holding that complaint that the second videotaped interview of the complainant should not have been admitted because section 2(b) of article 38.071, an evidentiary statute, is facially unconstitutional may not be raised for the first time on appeal). Thus, Appellant's first point of error is not properly before this court. Accordingly, we overrule Appellant's first point.

## MOTION TO SUPPRESS

In his second point, Appellant argues that the trial court abused its discretion by failing to rule that his warrantless arrest violated the Fourth Amendment. Appellant expressly conditions his second point upon us sustaining his first point, by stating that the second point "rises or falls on this court's decision regarding [his] first point of error." Because we overruled Appellant's first point, we likewise overrule his second point.

## CONCLUSION

Having overruled Appellant's two points, we affirm the trial court's judgment.

1. *See also Aguilar v. State,* No. 05–95–01047–CR, 1997 WL 527261, at *3 (Tex.App.-Dallas August 27, 1997, no pet.) (not designated for publication) (holding that because the appellant failed to object to the constitutionality of article 37.07 at the trial court level, he presented nothing for review).