NO. 07-06-0394-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2008

______________________________


JOHN CEDRIC WYATT, SR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 145TH DISTRICT COURT OF NACOGDOCHES COUNTY;

NO. F140652006; HON. CAMPBELL COX II, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant John Cedric Wyatt, Sr. appeals from his conviction by jury of the offense
of possession of cocaine and his resulting probated sentence. Via his sole point of error,
appellant contends that article 36.02 of the Texas Code of Criminal Procedure is
unconstitutional and the trial court thus erred in relying on it to permit the State to reopen
its evidence to prove venue. Finding appellant’s point of error has not been preserved for
our review, we affirm.



          By a June 2006 indictment, appellant was charged with intentionally or knowingly
possessing cocaine in an amount of one gram but less than four grams.


 The case
proceeded to a trial before a jury following his plea of not guilty. Evidence showed that
police found 3.8 grams of crack cocaine in a closet of a residence, and that appellant told
officers he hid the cocaine there. Appellant testified at trial, denying knowledge of the
cocaine in the residence. He admitted he confessed to officers he possessed the cocaine
but testified he did so out of fear of another person.
          After the State rested, appellant moved for an instructed verdict because the State
had not presented evidence of venue. The State moved to reopen its case to do so. After
taking a recess to review case law, the trial court granted the State’s motion over
appellant’s objection. The State then recalled the investigator and established the events
occurred in Nacogdoches County. Thereafter, the jury found appellant guilty as charged
in the indictment and assessed punishment at confinement for a term of five years. As
recommended by the jury, the trial court probated the sentence, placing appellant on
community supervision for a term of five years. This appeal followed.
          Appellant contends, through his appellate issue, that the trial court’s application of
article 36.02 of the Texas Code of Criminal Procedure to permit reopening of the State’s
case violated his right to due process of law guaranteed him through the Fourteenth
Amendment to the United States Constitution. His argument relies primarily on the
statements of the Court of Criminal Appeals in Peek v. State that some language of the
statute is “inherently vague” and ambiguous. Peek v. State, 106 S.W.3d 72, 78
(Tex.Crim.App. 2003). After review of the record, we conclude that appellant’s challenge
to the constitutionality of article 36.02 is not properly before us.
          Article 36.02 states that the “court shall allow testimony to be introduced at any time
before the argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.” Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 2007). The 
Court of Criminal Appeals has noted that the article, although not expressly so limited, “has
generally been applied in those cases where a party has moved to ‘reopen’ the evidence
after he has rested or closed at trial.” Love v. State, 861 S.W.2d 899, 903 n.4
(Tex.Crim.App. 1993).


 
 
          Challenges to the constitutionality of a statute take two forms: the statute is
unconstitutional as it was applied to the defendant, or the statute is unconstitutional on its
face. Barnett v. State, 201 S.W.3d 231, 232 (Tex.App.–Fort Worth 2006, no pet.), citing
Fluellen v. State, 104 S.W.3d 152, 167 (Tex.App.–Texarkana 2003, no pet.). As we read
appellant’s argument, he contends article 36.02 is unconstitutional as applied to him. Such
a contention may not be raised for the first time on appeal, but must first be raised in the
trial court. Barnett, 201 S.W.3d at 232, citing Curry v. State, 910 S.W.2d 490, 496
(Tex.Crim.App. 1995). As noted, appellant objected to the State reopening its case to
prove venue. Counsel stated, “I’d just like to object to allowing the State to reopen, and
then I will request a running objection to any testimony.” The court granted his running
objection. The objection did not assert the unconstitutional application of article 36.02, and
so did not preserve that contention for appellate review. See Wilson v. State, 71 S.W.3d
346, 349 (Tex.Crim.App. 2002); Rezac v. State, 782 S.W.2d 869, 870 (Tex.Crim.App.
1990) (objection on one legal theory will not support point of error on different theory).
          Our conclusion is the same if we read appellant’s brief to assert that article 36.02
is unconstitutional on its face. Case law provides that a defendant is not required to raise
in the trial court a constitutional challenge that the statute on which his conviction is based
is facially invalid, but may raise such a challenge for the first time on appeal. Barnett, 201
S.W.3d at 232, citing Garcia v. State, 887 S.W.2d 846, 861 (Tex.Crim.App. 1994), cert.
denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). Appellant’s conviction
is based on § 481.115(c) of the Health & Safety Code, not on article 36.02, which simply
addresses procedure for the taking of testimony at trial. Appellant’s constitutional
challenge to the procedural statute must first have been raised at trial, even if he is
contending it is unconstitutional on its face. See Lasher v. State, 202 S.W.3d 292, 295
(Tex.App.–Waco 2006, pet. ref’d); Barnett, 201 S.W.3d at 232; McGowan v. State, 938
S.W.2d 732, 739 (Tex.App.–Houston [14th Dist.] 1996) (op. on reh’g), aff’d on other
grounds, Weightman v. State, 975 S.W.2d 621 (Tex.Crim.App. 1998); Webb v. State, 899
S.W.2d 814, 818 (Tex.App.–Waco 1995, pet. ref’d) (all discussing application of error
preservation rules to constitutional challenges).
           Having concluded appellant’s point of error was not preserved for our review, we
overrule it and affirm the judgment of the trial court.
 
James T. Campbell

Justice



 

Publish.