Nikolai Ivanov **KARENEV**, Appellant

v.

The **STATE** of Texas.

No. PD–0822–08.

Court of Criminal Appeals of Texas.

April 22, 2009.

---

William E. Trantham, Denton, for Appellant.

Jeffrey L. Van Horn, State Prosecuting Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

The question in this case is whether a facial challenge to the constitutionality of the harassment statute may be raised for the first time on appeal. We hold that it may not, and we reverse the judgment of the court of appeals.

## I. BACKGROUND

Elena Karenev filed for a divorce from appellant in October 2004. During March of 2005, appellant sent Elena several e-mail messages. These messages became the basis of a prosecution for harassment.[1] Consistent with the allegations in the information, the jury charge provided that the jury find appellant guilty if it found beyond a reasonable doubt that he:

> did then and there with the intent to harass, annoy, alarm, abuse, torment, or embarrass Elena Karenev, send electronic communications to Elena Karenev in a manner reasonably likely to harass or annoy or alarm or abuse or torment or embarrass or offend the said Elena Karenev, to wit: sending harassing and/or threatening e-mail to Elena Karenev with the intent to harass, annoy, alarm, abuse, torment, or embarrass Elena Karenev.

Appellant was convicted. On appeal, he claimed for the first time that the harassment statute was unconstitutionally vague.

The court of appeals held that a challenge to the constitutionality of a statute as applied to a particular defendant must be raised at trial in order to preserve error.[2] But the court also held, based on one of its earlier decisions[3] and relying upon what it called the *Rabb*[4] rule, that a claim that a statute is unconstitutional on its face may be raised for the first time on appeal.[5] The court of appeals outlined the following rationale for this "*Rabb* excep-

---

1. See TEX PENAL CODE § 42.07(a)(7). Appellant was also prosecuted for harassment on the basis of telephone calls, but the jury acquitted him of that charge, so we are not concerned with it here.

2. *Karenev v. State*, 258 S.W.3d 210, 213 (Tex.App.-Fort Worth 2008).

3. *Barnett v. State*, 201 S.W.3d 231 (Tex.App.-Fort Worth 2006, no pet.).

4. *Rabb v. State*, 730 S.W.2d 751 (Tex.Crim. App.1987).

5. *Karenev*, 258 S.W.3d at 213 (quoting *Barnett*, 201 S.W.3d at 232–33).

tion" to the contemporaneous objection rule:

> [I]f the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it. Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute. Because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating.[6]

The court of appeals then proceeded to address whether the harassment statute was constitutional on its face. Discussing and relying upon the Fifth Circuit's decision in *Kramer v. Price*,[7] and our decisions in *May v. State*[8] and *Long v. State*,[9] the court of appeals held that the portion of the harassment statute under which appellant was prosecuted was unconstitutionally vague on its face because it suffered from the same defects that prompted the Fifth Circuit and this Court to declare earlier versions of the statute unconstitutional.[10] Consequently, the court of appeals held that the statute was void and rendered a judgment of acquittal.[11]

In its petition for discretionary review, the State claims that (1) appellant forfeited his facial challenge to the constitutionality of the harassment statute by failing to raise it in the trial court, and (2) the statute is not unconstitutionally vague.

## II. ANALYSIS

The State advances several arguments in support of its contention that appellant forfeited error by failing to object at trial. First, the State attacks the *Rabb* opinion as poorly reasoned. Second, the State claims that the court of appeals's "lack of jurisdiction" rationale is undercut by the 1985 amendment to Article V, § 12 of the Texas Constitution that provided that the presentment of an information or indictment vests the trial court with jurisdiction over the cause. Third, the State relies upon *Nix v. State*,[12] contending that the "very nearly" exclusive list of rare situations in which a trial court's judgment is void does not include statutes that are facially unconstitutional. Finally, the State contends that the procedural default rule it urges has been adopted in other jurisdictions.

### 1. *Federal Cases*

It appears that the trend in federal courts is to disallow facial constitutional challenges that were not raised in the trial court. In some early cases, the United States Supreme Court held that a challenge to the constitutionality of the statute that defines the crime could be raised for the first time on habeas corpus because, if successful, it would render the statute void, affecting "the foundation of the whole proceedings."[13] But the Court backed off

6. *Id.*

7. 712 F.2d 174 (5th Cir.), *reh'g en banc granted,* 716 F.2d 284 (1983), *grant of relief aff'd,* 723 F.2d 1164 (1984).

8. 765 S.W.2d 438 (Tex.Crim.App.1989).

9. 931 S.W.2d 285 (Tex.Crim.App.1996).

10. *Karenev,* 258 S.W.3d at 213–18.

11. *Id.* at 218.

12. 65 S.W.3d 664 (Tex.Crim.App.2001).

13. *Ex parte Siebold,* 100 U.S. (10 Otto) 371, 376–77, 25 L.Ed. 717(1879)(but ultimately upholding the statutes as constitutional); *see also Ex parte Yarbrough,* 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274 (1884)("If the law which defines the offence and prescribes its

from that statement in subsequent cases. In *Glasgow v. Moyer*, the defendant was charged with depositing an obscene book in the United States mails.[14] Among other claims, the defendant contended that the statute defining the offense with which he was charged was constitutionally invalid on several grounds.[15] Declining to address the merits of his claims, the Supreme Court explained, "The writ of habeas corpus cannot be made to perform the office of a writ of error [appeal]."[16] So long as the trial court "had jurisdiction to try the issues and to render judgment," the habeas court was not concerned with trial matters, including a claim that "the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense."[17] In *Sunal v. Large*, the Supreme Court explained that in the past it had recognized "some exceptions" to the general rule that habeas corpus "will not be allowed to do service for an appeal" but suggested that the trend has been to narrow the availability of habeas relief for these types of claims where an "appellate procedure was available for correction of the error."[18] In a later case, the Supreme Court explained that the statement that an unconstitutional law is "not a law" must "be taken with qualifications."[19] "The ac-

tual existence of a statute, prior to" a determination of unconstitutionality, "is an operative fact and may have consequences that cannot be justly ignored."[20]

In *United States v. Baucum*, the D.C. Circuit addressed a claim that a constitutional challenge to the federal "schoolyard statute" could be raised for the first time on appeal because it amounted to an attack on the trial court's subject matter jurisdiction.[21] In its own research, the D.C. Circuit was surprised to find no universally accepted answer to that question.[22] Citing *Glasgow* and *Yarbrough*, the court acknowledged the existence of "precedent on both sides of the issue," and, citing an Eleventh Circuit case, the court acknowledged that the defendant's "approach has some support in the caselaw."[23] Nevertheless, the D.C. Circuit held that, "[o]n balance ... the weight of the precedent, as well as prudential considerations, counsel toward treating facial constitutional challenges to presumptively valid statutes as nonjurisdictional."[24] The court observed that the obligation of federal courts to raise subject matter jurisdiction questions *sua sponte* seems to conflict with the requirement that constitutional questions be avoided whenever possible.[25] The court further explained that the Supreme

punishment is void, the court was without jurisdiction and the prisoners must be discharged.").

14. 225 U.S. 420, 424, 32 S.Ct. 753, 56 L.Ed. 1147 (1912).

15. *Id.* at 427–28, 32 S.Ct. 753. The habeas petitioner raised the constitutional challenges to the offense provision for the first time on appeal in the federal habeas action, but the Supreme Court did not address this particular procedural complication. *See id.*

16. *Id.* at 428, 32 S.Ct. 753.

17. *Id.*

18. 332 U.S. 174, 177–179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947).

19. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

20. *Id.*

21. 80 F.3d 539, 540 (D.C.Cir.1996).

22. *Id.*

23. *Baucum*, 80 F.3d at 540, 542.

24. *Id.* at 540.

25. *Id.* at 541.

Court's holding in *Chicot* that an unconstitutional statute can be an "operative fact" constitutes a rejection of the broad-sweeping proposition that an unconstitutional statute is void *ab initio*.[26] The D.C. Circuit found that, usually, federal circuit courts have either refused to address constitutional challenges to criminal statutes that were not raised at trial or have addressed such challenges under the rubric of "plain error."[27]

### 2. *Texas Cases*

The same trend is apparent in Texas. Developments in the law of charging instruments and void judgments undercut the notion that a facial challenge to the constitutionality of a statute involves a question of "jurisdiction." As currently written, the Texas Constitution defines an indictment or information, in part, as a "written instrument ... charging a person with the commission of an offense" and provides: "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."[28] This language was added in 1985 and was designed to overturn the doctrine that a trial court lacked jurisdiction if there was a "fundamental" defect in the charging instrument.[29] Furthermore, we have narrowed the situations in which a judgment can be considered void, formulating a "very nearly" exclusive list in *Nix*:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright* [, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ].[30]

This list does not include a judgment resulting from a facially unconstitutional statute.

The court of appeals cited one of its earlier cases that purported to rely upon the "*Rabb* rule."[31] In *Rabb*, the defendant was charged with three offenses.[32] In each case, the defendant waived trial by jury, requested a referral to a magistrate, and pled guilty pursuant to an agreement.[33] For the first time on appeal, the defendant challenged the constitutionality of the Dallas County Magistrate's Act.[34] This Court's analysis regarding why the defendant's claim was not procedurally defaulted consisted of a single sentence: "Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal."[35] In support of this proposition, *Rabb* cited the court of appeals decision in *Moore v.*

---

**26.** *Baucum,* 80 F.3d at 541.

**27.** *Id.* at 541, 541 n. 2 (citing cases).

**28.** Tex. Const., Art. 5, § 12(b).

**29.** *Studer v. State,* 799 S.W.2d 263, 268–70 (Tex.Crim.App.1990).

**30.** 65 S.W.3d at 668.

**31.** *See* this opinion, *ante.*

**32.** 730 S.W.2d at 751.

**33.** *Id.* at 752.

**34.** *Id.*

**35.** *Id.*

*State* and Judge Campbell's concurring opinion in *Ex parte Chambers*.[36]

*Rabb's* summary statement suggests that it was treating the issue as one of settled law, but the opinion recited no binding authority for the proposition. We agree with the State that the authority that *Rabb* did cite, even if viewed for persuasive value, offers questionable support. *Moore* stated that "there is authority to conclude that this complaint is waived" but then said that it would address the merits of the defendant's constitutional challenge to the organized criminal activity statute because "the Court of Criminal Appeals generally permits constitutional issues to be raised for the first time on appeal."[37] Such an opinion can hardly be considered a solid endorsement for raising a claim for the first time on appeal, and the latter portion appears to be far too broad a statement of law, at least after *Marin v. State*.[38] Judge Campbell's concurring opinion in *Chambers* did not address whether a challenge to the constitutionality of a statute could be raised for the first time on appeal,[39] and indeed, that type of

error was not before the Court.[40] Rather, Judge Campbell's concurrence argued for a "right not recognized" exception to the contemporaneous objection rule.[41] To the extent that Judge Campbell's position might be construed to inferentially support the ability to challenge the constitutionality of a statute for the first time on appeal, we observe that " '[t]he right not recognized' exception to the contemporaneous objection rule relates to a kind of fundamental error ... that *Marin* generally eliminated from our jurisprudence."[42]

■ We recognize that this Court arrived at the same conclusion in *Rose v. State*, where a majority of the Court held that a facial challenge to the constitutionality of a parole instruction statute could be raised by an appellant for the first time on appeal.[43] But the lead opinion based its conclusion upon earlier, splintered decisions in which the *appellee* benefitted from a holding that the Speedy Trial Act was unconstitutional and where the lead opinions in those cases stated that an unconstitutional statute was "no law" and "void."[44]

---

36. *Rabb*, 730 S.W.2d at 752 (citing *Moore v. State*, 672 S.W.2d 242 (Tex.App.-Houston [14th Dist.] 1984, no pet.) and *Ex parte Chambers*, 688 S.W.2d 483, 485 (Tex.Crim.App.1985)(Campbell, J., concurring)). The *Rabb* opinion ultimately concluded that the Magistrate's Act was constitutional. 730 S.W.2d at 752–54.

37. *Moore*, 672 S.W.2d at 243.

38. 851 S.W.2d 275, 279–80 (Tex.Crim.App.1993)(categorizing the system as containing three different types of rules for the purpose of error preservation); *see also Sanchez v. State*, 120 S.W.3d 359, 365–66 (Tex.Crim.App.2003)(*Marin* a watershed decision in the law of error preservation); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex.Crim.App.2008)("almost all error-even constitutional error-may be forfeited if the appellant failed to object").

39. 688 S.W.2d at 485–86.

40. *Id.* at 484–84 (Court's op.)(constitutional error at issue was the admission of expert testimony).

41. *Chambers*, 688 S.W.2d at 486 (arguing for a right not recognized exception to the rule that a failure to object procedurally defaults a claim of improper admission of evidence).

42. *Sanchez*, 120 S.W.3d at 367.

43. 752 S.W.2d 529, 553 (lead opinion), 555 (Teague, J. concurring), 557 (Duncan, J., concurring, joined by Miller, J.) (Tex.Crim.App. 1988).

44. *Id.* at 553 (citing *Reyes* and *Jefferson* ). *See Reyes v. State*, 753 S.W.2d 382, 382–84 (Tex.Crim.App.1988)(plurality op.); *Jefferson v. State*, 751 S.W.2d 502, 502–03 (Tex.Crim. App.1988)(lead opinion is a plurality, but dissent appears to agree with the proposition that an unconstitutional law affords no rights

None of the opinions in the cited cases suggested that an *appealing* party would be relieved of the usual obligation to raise an objection at trial.[45] To the extent that the *Rose* plurality inferred by analogy that an appellant would not have to object because appellees do not have to do so, that basis for decision has been obviated by more recent caselaw that makes clear that an appellee has no obligation to preserve error.[46]

In his concurring opinion in *Rose*, providing the fifth vote, Judge Teague contended that, under well-established law, even absent objection, "a court will always adjudicate whether a statute is unconstitutional when its unconstitutionality is obvious and apparent."[47] This "obvious and apparent" rationale seems to be the exact opposite of the "right not recognized" rationale inferentially cited in *Rabb*.[48] We conclude that the *"Rabb/Rose"* rule is "a made-up ... rule in search of a rationale to justify its existence."[49]

 Both *Rabb* and *Rose* preceded *Marin*, our watershed case in the area of error preservation.[50] *Marin* took a functional approach to error preservation, dividing rules into three types: (1) absolute requirements or prohibitions, (2) rights that are waivable-only, and (3) rights that can be forfeited.[51] A facial challenge to the constitutionality of a statute falls within the third category. Statutes are presumed to be constitutional until it is determined otherwise.[52] The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional.

### 3. *Conclusion*

 We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. We reverse the judgment of the court of appeals and remand to that court so that it may address appellant's remaining claims.[53]

---

or protection that a defendant can now assert).

**45.** *See Reyes* and *Jefferson, passim.*

**46.** *Rhodes v. State,* 240 S.W.3d 882, 887 n. 9 (Tex.Crim.App.2007); *State v. Herndon,* 215 S.W.3d 901, 909 (Tex.Crim.App.2007).

**47.** 752 S.W.2d at 555.

**48.** We note that in *Long* we resolved a facial constitutional challenge to the stalking statute that was raised for the first time on appeal, but we did not address whether such a challenge should have been preserved by an objection at trial. Instead, in a footnote, we simply observed the State did not challenge the lower court's holding that the defendant could raise his facial attack on the stalking statute for the first time on appeal. *Long v. State,* 931 S.W.2d at 287 n. 3 (Tex.Crim.App. 1996).

**49.** *See Ex parte Lewis,* 219 S.W.3d 335, 369 (Tex.Crim.App.2007)(quoting *Ex parte Peter-*

son, 117 S.W.3d 804, 829 (Tex.Crim.App.2003)(Hervey, J. dissenting)).

**50.** *See* footnote 41.

**51.** 851 S.W.2d at 279–80. *Marin* briefly discussed *Rose,* but in doing so it did not cite *Rose* for the proposition that the facial unconstitutionality of a statute can always be raised on direct appeal; rather, *Marin* incorporated *Rose's* holding into the functional approach of its framework, explaining that "this Court has held that nonjurisdictional principles of due process and separation of powers are such as to render void from its inception conflicting legislation." *Marin,* 851 S.W.2d at 279.

**52.** *Flores v. State,* 245 S.W.3d 432, 438 (Tex. Crim.App.2008); *Doe v. State,* 112 S.W.3d 532, 539 (Tex.Crim.App.2003).

**53.** Due to our disposition of the preservation of error issue, we dismiss State's second and third grounds for review, regarding the constitutionality of the statute. We note that appellant raised two other points of error that the court of appeals did not reach due to its

COCHRAN, J., filed a concurring opinion in which PRICE, WOMACK, and JOHNSON, JJ., joined.

### *OPINION*

COCHRAN, J., filed a concurring opinion in which PRICE, WOMACK and JOHNSON, JJ., joined.

I concur in the judgment of the Court. Although I agree with much of the majority's reasoning, I think it paints with too broad a brush. In particular, I respectfully disagree with the absolutist conclusion "that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."[1] What is particularly ironic in this case is that appellant did not, in fact, raise a facial challenge to the constitutionality of the harassment statute, so this is an "all hat and no cattle" theoretical issue.

### A. "Facial" vs. "As Applied" Constitutional Challenges.

First, what is the difference between a facial challenge and an "as applied" challenge to the constitutionality of a penal statute? Evidence. A facial challenge is based solely upon the face of the penal statute and the charging instrument, while an applied challenge depends upon the evidence adduced at a trial or hearing.

A facial challenge to the constitutional validity of a statute considers only the text of the measure itself, and not its application to the particular circumstances of an individual. A party asserting a facial challenge to a statute seeks to vindicate not only his own rights, but also those of others who may also be adversely impacted by the statute in question.[2]

For example, in *Lawrence v. Texas*,[3] the defendants successfully challenged the facial constitutionality of the Texas sodomy statute without producing one whit of evidence.[4] As the lower court had noted in *Lawrence*, "because appellants subsequently entered pleas of *nolo contendere*, the facts and circumstances of the offense are not in the record.... Thus, the narrow issue presented here is whether [Penal Code] Section 21.06 is facially unconstitutional."[5] The defendants did not need any evidence other than the fact of their prosecution to give them standing to challenge the constitutionality of the penal statute under which they were convicted. A facial attack upon a penal statute is solely and entirely a legal question and is always subject to *de novo* review.[6] It can be brought before any trial, during any trial, or after any trial because it is wholly divorced from the specific facts of the purported crime.[7]

---

own disposition. *See State v. Plambeck*, 182 S.W.3d 365, 367 n. 10 (Tex.Crim.App. 2005)("court is not required to address issues that become moot because of the resolution of other issues").

1. Majority Op. at 434.

2. 16 C.J.S. Constitutional Law § 113, at 149 (2005).

3. 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).

4. *Id.* at 563, 123 S.Ct. 2472.

5. *Lawrence v. State*, 41 S.W.3d 349, 350 (Tex. App.-Houston [14th Dist.] 2001), *rev'd*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).

6. *See generally, Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex.Crim.App.1997); *Henderson v. State*, 962 S.W.2d 544, 551 (Tex. Crim.App.1997); *see also* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE· CRIMINAL PRACTICE AND PROCEDURE § 43.444, at 672 (2d ed. 2001) ("Purely 'legal question[s]' are always reviewed *de novo* review on appeal. Appellate courts have no authority to in any way defer to the trial court's resolution of them.").

## B. Why Appellate Courts Should Entertain a Facial Challenge to the Constitutionality of a Penal Statute.

There are two good reasons why appellate courts should entertain a facial challenge to the penal statute setting out the offense for which the defendant was convicted, even when it is raised for the first time on appeal: [8]

(1) American law prohibits the conviction and punishment of a person under an unconstitutional penal statute; [9] in other words, it is an

7. *See, e.g., United States v. Williams,* ⸺ U.S. ⸺, ⸺, 128 S.Ct. 1830, 1838, 170 L.Ed.2d 650 (2008) (defendant pled guilty to pandering child pornography, but reserved his right to challenge its facial constitutionality on both overbreadth and vagueness grounds).

8. Although I think that the majority paints with too broad a brush, I think that "the *Rabb* rule" paints with an even broader brush in the opposite direction. In *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987), this Court stated:

> Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal.

*Id.* That sentence is subject to considerable misunderstanding and misapplication. One might think that *any* statute applicable to a criminal prosecution could be challenged as facially invalid for the first time on appeal. Clearly, that is not so.

The correct statement, at least under federal law, is that a defendant may raise for the first time on appeal the constitutionality of the statute creating and defining the crime for which the defendant has been convicted. See note 9 *infra; see also Anthony v. State,* 209 S.W.3d 296, 304 (Tex.App.-Texarkana 2006, no pet.) (defendant could raise facial challenge to the city trespassing regulation for the first time on appeal because a "facial challenge claims that a statute is 'invalid in toto— and therefore incapable of any valid application' ") (quoting *Steffel v. Thompson,* 415 U.S. 452, 474, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)); *Sullivan v. State,* 986 S.W.2d 708, 711 (Tex.App.-Dallas 1999, no pet.) (defendant was not required to raise in trial court his constitutional challenge that the indecency-with-a-child statute was facially invalid and therefore void *ab initio* ); *Ravenbark v. State,* 942 S.W.2d 711, 711 (Tex.App.-Houston [14th Dist.] 1997, no pet.) ("The statute under which appellant was convicted was declared unconstitutional for vagueness in *Long v. State,* 931 S.W.2d 285, 297 (Tex.Crim.App. 1996). Appellant did not challenge the constitutionality of the statute in the trial court, nor did she raise the issue in her brief filed in this court …; nor has she filed an amended brief raising the issue following the decision in *Long.* This, however, does not amount to a waiver…. Accordingly, on this direct appeal from a conviction under a void statute, we hold the judgment is void.").

On the other hand, unconstitutional procedural statutes or evidentiary rules do not affect the jurisdiction of the court, its authority, or its power to render a judgment. Therefore, the failure to object in the trial court waives any appellate claim. *See Webb v. State,* 899 S.W.2d 814, 817–19 (Tex.App.-Waco 1995, pet. ref'd) (noting that "because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating."; distinguishing that rule from a facial attack on the constitutionality of a statute relating to arrests as that statute does not go to the judicial power of the court to enter and enforce a judgment of conviction; holding that the usual rules concerning error preservation apply to such procedural statutes); *Lasher v. State,* 202 S.W.3d 292, 296 (Tex.App.-Waco 2006, pet. ref'd) (quoting and following *Webb* ).

9. Well over a century ago, the Supreme Court stated, "If the law which defines the offense and prescribes its punishment is void, the court was without jurisdiction and the prisoners must be discharged." *Ex parte Yarbrough (The Ku Klux Klan Cases),* 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274 (1884). Similarly, in *Ex parte Siebold,* 100 U.S. 371, 25 L.Ed. 717 (1879), the Supreme Court held that if the law that defines a criminal offense is unconstitutional, then

"absolute requirement" that a person be criminally punished only for the violation of a valid penal law;[10] and

it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.

*Id.* at 376–77. Justice Scalia repeated that basic proposition over a hundred years later: "[A] law repugnant to the Constitution 'is void, and is as no law.' " *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 760, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995) (Scalia, J., concurring). The same is true in Texas. *See Ex parte Weise,* 55 S.W.3d 617, 620 (Tex.Crim. App.2001) (defendant is entitled to file for pretrial habeas relief when he alleges "that the statute under which he or she is prosecuted is unconstitutional on its face; consequently, there is no valid statute and the charging instrument is void").

We do not put people in prison for noncrimes or for violating an unconstitutional penal statute, such as the now-defunct sodomy statute. Courts frequently delve deeply into the intricate distinctions between "void" laws, "voidable" laws, and a trial court's jurisdiction, power, or authority over a "void" or unconstitutional law, but Justice Scalia has the proper laymen's approach: just ignore it. 514 U.S. at 760, 115 S.Ct. 1745. An unconstitutional penal law has no force and no effect. Courts ignore or disregard it. According to Justice Scalia, "In fact, what a court does with regard to an unconstitutional law is simply to *ignore* it." It decides the case *"disregarding the [unconstitutional] law." Id.* (emphasis in original). And if the law defining a penal offense is facially unconstitutional, then no prosecution is valid, no conviction is valid, and no judgment is valid. All three may be ignored or disregarded. For example, the sodomy statute, TEX. PENAL CODE § 21.06, is still on the books some five years after *Lawrence,* but it is not and cannot be enforced.

**10.** *See Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Crim.App.1993) ("any party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial"). Post-*Marin* Texas cases have assumed that conviction under a facially unconstitutional penal statute is

a category one-fundamental and jurisdictional-right that cannot be waived. *See Barnett v. State,* 201 S.W.3d 231, 232–33 (Tex.App.-Fort Worth 2006, no pet.) (stating that "if the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it.... Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute."); *Adams v. State,* 222 S.W.3d 37, 53 (Tex.App.-Austin 2005, pet. ref'd) ("A facial constitutional challenge to the statute under which a defendant has been charged may be raised for the first time on appeal because the facial challenge affects the jurisdiction of the trial court to have entered a judgment."); *Long v. State,* 903 S.W.2d 52, 54 (Tex.App.-Austin 1995) (addressing facial constitutional challenge to the anti-stalking statute even though defendant had not raised that issue in the trial court and holding that statute was not unconstitutionally vague), *rev'd,* 931 S.W.2d 285, 287 & n. 3 (Tex.Crim.App.1996) (reversing conviction and holding that statute was facially unconstitutional on vagueness grounds; noting, "Although appellant did not raise his constitutional challenge at trial, the Court of Appeals held it appropriate to address his facial attack on the statute for the first time on appeal. The State does not challenge that holding."); *See also, Herrera v. Commonwealth,* 24 Va.App. 490, 483 S.E.2d 492, 493–95 (1997) (stating that " '[a] court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance' "; defendant was not procedurally barred from relief on appeal even though he had not challenged facial unconstitutionality of statute in trial court; "Because the dispositive issue here is one of jurisdiction, we hold that its determination is not procedurally defaulted by [defendant's] failure to raise it."); *Trushin v. State,* 425 So.2d 1126, 1129–30 (Fla.1982) (even though defendant had not raised facial challenges to penal statute under which he was convicted in trial court, appellate court must " 'consider their merits because a conviction for the violation of a facially invalid statute would constitute fundamental error' "; "Only the constitutionality

(2) Appellate courts are in at least as good a position as trial courts to review the purely legal question of whether a particular penal statute is facially unconstitutional.[11]

First, I do not think that the majority is suggesting that it is quite acceptable to send someone to prison for violating an unconstitutional penal statute if that person failed to object to the statute's unconstitutionality in the trial court. But its language could well be misconstrued as allowing persons who are not guilty of violating any valid penal statute to be punished nonetheless if they failed to complain soon enough. The moral of that story would be: Because you were a slowpoke at noticing that you were not guilty of any valid criminal offense, we will punish you as if you really were guilty of some valid criminal offense. That is not the American way: every person has an absolute, fundamental, and unforfeitable right to be punished only for the violation of a valid

---

of the statute under which [defendant] was convicted was the kind of alleged error which *must* be considered for the first time on appeal because the arguments surrounding the statute's validity raised a fundamental error.").

**11.** *Williams v. State*, 253 S.W.3d 673, 677 (Tex.Crim.App.2008) ("Because statutory interpretation is a question of law, this court conducts a *de novo* review."); *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App.1997). *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim.App.2004). As we explained in *Moff*,

> Prior to our decision in *Guzman* ..., abuse of discretion was the standard employed by our Court when reviewing a trial court's decision to quash an indictment. But we did not have occasion to analyze its appropriateness. However, we now determine that a *de novo* review is more appropriate in a case such as the one before us. The amount of deference appellate courts afford a trial court's rulings depends upon which "judicial actor" is better positioned to decide the issue.... The sufficiency of an indictment is a question of law. When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue. While this case is different from *Guzman* in that it involves the Appellee's due process right to notice of the charges against him, our reasoning for modifying the standard of review is the same. The trial court's decision in this case was based only on the indictment, the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue.

*Id. See also Staples v. United States*, 511 U.S. 600, 612 n. 6, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) ("the *mens rea* requirement under a criminal statute is a question of law, to be determined by the court").

When it comes to factual findings, the trial court, not the appellate court, is in a better position to make the determination. As the Supreme Court explained in *Anderson v. City of Bessemer*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985),

> The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade three more judges at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be "the 'main event' ... rather than a 'tryout on the road.' "

*Id.* But when the appellate court is reviewing the facial validity of a statute defining the penal offense, it does not need a trial or evidence or facts. Review of the law itself, unencumbered with facts, is "the main event," and appellate judges, at least in theory, are more experienced in resolving issues of pure law.

criminal statute.[12]

Second, the general rationale for requiring an objection in the trial court to preserve error on appeal simply does not apply when the claim is that the penal statute is facially unconstitutional and cannot be used to punish any person, now or in the future.[13] The two main reasons for requiring a contemporaneous objection in the trial court are (1) to give the opposing party an opportunity to respond or cure the problem before it becomes error; and (2) to give the trial judge an opportunity to prevent the error from occurring.[14] A third rationale is that "judicial economy requires that issues be raised first in the trial court to spare the parties and the public the expense of a potentially unnecessary appeal."[15]

**12.** *See* note 9, *supra.*

**13.** Indeed, I do not think that an objection in the trial court is necessary to preserve an "as applied" challenge to the constitutionality of the penal statute upon which the defendant is convicted. As I have previously stated,

A defendant must make an "as applied" challenge to the constitutionality of a *procedural* statute in the trial court. That timely challenge gives the trial court an opportunity to decline to apply that procedural statute or make appropriate modifications to its operation. But the trial court can do nothing more or less than an appellate court when the defendant challenges the constitutionality of a *penal* statute under which he is prosecuted after all of the evidence is submitted and a jury has returned a guilty verdict. If the defendant prevails on his "as applied" constitutional claim, there will be no new trial. There is only one remedy for either the trial or appellate court: dismiss the indictment and enter an acquittal because the defendant was convicted under an unconstitutional application of an otherwise valid penal statute. The contemporaneous-objection rule, essential though it may be in most contexts, serves little purpose in a post-trial proceeding attacking the constitutionality of a penal statute as it was applied.

It is polite to give the trial judge the first crack at determining whether a penal statute was applied unconstitutionally to the defendant under a specific body of evidence, but the trial judge can do nothing to salvage its operation or correct its application. The purpose of the contemporaneous-objection rule is to provide both the trial judge and the opposing party an opportunity to avoid or correct potential errors and thus avoid a procedurally improper conviction and a subsequent retrial. That purpose is not served when, after the jury returns its verdict, the defendant challenges the constitutionality of a penal statute as it was applied. If the defendant is correct, the conviction disappears, and he cannot be held criminally liable. If the defendant is incorrect, the conviction stands.

*Flores v. State,* 245 S.W.3d 432, 443–44 (Tex.Crim.App.2008) (Cochran, J., concurring) (footnotes omitted).

**14.** *See Loredo v. State,* 159 S.W.3d 920, 923 (Tex.Crim.App.2004) ("Preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them."); *Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App.1985) (noting that "the purpose of an objection [made at trial] is twofold: first, a specific objection is required to inform the trial judge of the basis of the objection and afford him or her an opportunity to rule on it; and second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony.").

**15.** *Beall v. Ditmore,* 867 S.W.2d 791, 793–94 (Tex.App.-El Paso 1993, writ denied); *see generally, Young v. State,* 826 S.W.2d 141, 149 (Tex.Crim.App.1991) (Campbell, J., dissenting). In *Young,* Judge Campbell explained that there

are many rationales for this raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to the trial court; that fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond to them or cure them; that reversing for error not raised in the trial court permits the losing party to second-guess its

The first two rationales do not apply when a penal statute defining the criminal offense is facially unconstitutional in its entirety. The statute cannot be repaired by the parties or the trial judge. The only two options at the trial level are to dismiss the charges or proceed with the prosecution.

The third rationale, conservation of scarce judicial resources, does apply when the prosecutor or judge agrees with the defendant that the penal statute is facially unconstitutional, the charges are dismissed, and there is no appeal from dismissal. But the likelihood of that occurring is minuscule. Trial judges very rarely declare a penal statute unconstitutional; prosecutors would generally be remiss if they failed to appeal a ruling that a legislatively enacted penal statute was unconstitutional and therefore unenforceable; and public policy is best served by a published appellate decision declaring a penal statute facially unconstitutional and therefore unenforceable against any person. Thus, while it is conceivable that requiring a defendant to complain of a penal statute's facial unconstitutionality in the trial court might save some scare judicial resources, that expense is a very small price to pay when balanced against the bedrock American notion that we do not convict and punish people for unconstitutional crimes. Surely this Court would not, after the Supreme Court's decision in *Lawrence v. Texas,* uphold a sodomy conviction today even though the defendant had not complained in the trial court about the unconstitutionality of the "still in the books" sodomy statute.

## C. Appellant did not make a facial challenge to the constitutionality of the harassment statute.

But all's well that ends well. Appellant did not raise—either in the trial court or the appellate court—a facial challenge to the constitutionality of the harassment statute. I quote his second Point of Error on direct appeal and associated argument *in toto:*[16]

> Penal Code 42.07(a) is Unconstitutionally Vague so that a Person of Ordinary Circumstances Cannot Tell What Is Prohibited and What Is Not
>
> The plain requirement of the statute is for *repeated* proscribed emails to have been sent by the defendant to permit conviction under the statute. The evidence presented by the state showed only separate different emails sent on five occasions.... None of the emails were either repeated or closely tracked one another. There is no profanity or other offensive language threatening the well being of the alleged victim. They are, in short, messages from a husband who has separated from his wife to his wife.
>
> The defendant testified ... that the purpose of the communication were to reach an agreement without going through a messy divorce. One exhibit

tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a trial court it erred when it was never presented with the opportunity to be right. The princip[al] rationale for the rule, however, is judicial economy. If the losing side can obtain a reversal on a point not argued in the trial court, the parties and the public are put to the expense of a retrial that could have been avoided by better lawyering. Furthermore, if the issue had been timely raised in the trial court, it could have been resolved there, and the parties and the public would have been spared the expense of an appeal. *Id.*

16. I have omitted appellant's references to the reporter's record and indicated their omission by ellipses.

... is an invited response to a communication from the alleged victim accusing the defendant of changing a password to an account of some nature.... Another is a statement of comfort to the alleged victim about lighting a candle at their common church for her.

The conduct the State has shown in this trial is so vaguely put forth that it violates the standard set forth in *Kramer v. Price*, 712 F.2d 174 (5th Cir.1983) that a person of ordinary circumstances cannot tell what is prohibited and what is not.

Additionally, **Art. 1, Sec. 8 of the Texas Constitution** provides "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.["] That is all the record in this case shows the defendant to have done.[17]

Whatever type of complaint this was, it most assuredly was not a facial attack upon the constitutionality of the harassment statute. The mere fact that appellant relied upon the evidence at trial shows that his complaint is not a facial attack because that type of attack can and must be made without reference to evidence. It is an attack upon the face of the statute in isolation. Once it does or must refer to specific evidence it has passed out of the "facial attack" arena and has become something else.

Was this then an "as applied" attack upon the constitutionality of the harassment statute? No. Appellant does not contend that the statutory word "repeated" is inherently vague in reference to appellant's conduct, he merely asserts that he had a legitimate reason for sending the emails that he sent on five different occasions. It is an underground attack upon the sufficiency of the evidence in this particular case to prove that appellant sent "repeated" harassing emails. Appellant's defenses were that (1) he did send the emails, but he had a legitimate reason for doing so; and (2) these emails were not of the sort to cause alarm, embarrassment, etc., to his estranged wife. His was a good jury argument, but the jury disagreed with his factual position, as it was entitled to do. Appellant may put on new clothing and call a sufficiency sheep a constitutional wolf, but that does not make it so.

I think that the court of appeals was mistaken in transforming appellant's subterranean sufficiency of evidence argument into a full-fledged First Amendment attack upon the facial constitutionality of the harassment statute.

It is upon that basis that I agree with the majority's judgment.

---

**17.** Appellant's Brief on Direct Appeal at 5–6 (emphasis in original).