NO. 07-11-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 15, 2012

_____

HIPOLITO ALVAREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,169-B; HONORABLE RICHARD DAMBOLD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Hipolito Alvarez, appeals his conviction for sexually abusing a child. His sole issue involves the trial court's decision to allow the child victim to testify via closed-circuit television. This allegedly was error because the Texas statute allowing that violates the Confrontation Clause appearing in the Sixth Amendment to the United States Constitution, as those requirements were purportedly interpreted in *Craig v. Maryland*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) and its progeny. That is, it is not enough to merely satisfy the dictate of art. 38.071, §1 of the Texas Code of

Criminal Procedure, *i.e.* that the child be "unavailable to testify in the presence of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.071, §1 (West Supp. 2011). Rather, the evidence must show that the child is *unable* to communicate or *reasonably unable to testify* in court while in the presence of the defendant.[1] We overrule the issue and affirm the judgment.

Appellant's attack upon art. 38.071 *et seq.* on the basis of its purported failure to comport with the Confrontation Clause was not raised below. Nor did he contend that the evidence had to allow the trial court to conclude that the child was "unable to communicate" or "reasonably unable to testify" in the presence of the defendant, as opposed to merely being "unavailable" to testify, *i.e.* any distress or trauma would be more than *de minimus* or that significant emotional harm would result. Thus, the arguments were not preserved for review. *See Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (stating that facial challenges to the constitutionality of a statute may be waived); *see also Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (holding that the grounds urged on appeal must comport with those mentioned at trial, otherwise they are waived).

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1]Appellant expressed in his brief that he did not dispute nor concede that "any distress or trauma here was more than *de minimus* . . . or that 'significant emotional harm' would result, if this complainant were made to testify . . . before this appellant." And, those were the two findings entered by the trial court upon receiving evidence on the matter.