

# NUMBER 13-09-00613-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**PEDRO AGUILAR,**                                                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

## On appeal from the 117th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Justices Rodriguez, Benavides, and Vela
## Memorandum Opinion by Justice Rodriguez

Appellant Pedro Aguilar complains of the revocation of his community supervision,

upon which he was sentenced to four years' incarceration. By two issues,[1] Aguilar argues

---

[1]Although Aguilar labels his arguments as one issue, we believe he has articulated two issues for our review.

that: (1) the trial court erred in failing to ask Aguilar if there was any legal reason his sentence should not be imposed; and (2) article 42.07 of Texas Code of Criminal Procedure is unconstitutional because it abridges his due process right under the United States Constitution to directly address the court in mitigation of his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2006). We affirm.

## I. BACKGROUND[2]

In November 2007, Aguilar was placed on six years' deferred adjudication community supervision for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). On March 20, 2009, the State filed its motion to revoke, alleging that Aguilar had violated four conditions of his community supervision. The trial court held a hearing on the State's motion on September 29, 2009, at which Aguilar pleaded true to three of the four violations.[3] The trial court then adjudicated Aguilar's guilt and, following a plea bargain agreement between the State and Aguilar,[4] sentenced Aguilar to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. DISCUSSION

By one issue, Aguilar appears to argue that the trial court violated article 42.07 of the code of criminal procedure when it failed to ask Aguilar if there was any reason his sentence should not be imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. By a

---

[2]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3]At the hearing on its motion to revoke, the State abandoned one of its four original alleged violations.

[4]Aguilar affirmed to the trial court that he understood and accepted the plea bargain deal.

2

second issue, Aguilar contends that article 42.07 of the code of criminal procedure unconstitutionally restricts his right to allocution[5]—in other words, that his federal due process rights were violated when he was not afforded the opportunity to personally address the court regarding his sentence, apart from testifying or otherwise presenting evidence to the court. *See id.* (providing that a defendant "shall be asked whether he has anything to say why the sentence should not be pronounced against him" and that the only reasons for which sentence cannot be pronounced are (1) a pardon, (2) incompetency, or (3) mistaken identity). However, we do not reach either issue because Aguilar failed to preserve them for our review.

First, Aguilar was required to object to the trial court that he was denied his right to allocution under article 42.07 in order to preserve that complaint for appellate review. *Eisen v. State*, 40 S.W.3d 628, 636-37 (Tex. App.–Waco 2001, pet. ref'd); *see also Reyna v. State*, No. 13-98-00429-CR, 2002 WL 253780, at *1 (Tex. App.–Corpus Christi Feb. 21, 2002, no pet.) (mem. op., not designated for publication). Second, any facial challenge to the constitutionality of a statute must be raised in the trial court.[6] *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see also Henkel v. State*, No. 13-03-00112-CR, 2005 WL 5926929, at *6 (Tex. App.–Corpus Christi Apr. 14, 2005, no pet.) (mem. op., not

---

[5]"Allocution" is defined as an "unsworn statement from a convicted defendant to the sentencing judge or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence." BLACK'S LAW DICTIONARY 88 (9th ed. 2009).

[6]We construe Aguilar's second issue as a facial challenge to the constitutionality of article 42.07 because Aguilar appears to "'consider only the text of the measure itself, and not its application to the particular circumstances of [his case]. A party asserting a facial challenge to a statute seeks to vindicate not only his own rights, but also those of others who may also be adversely impacted by the statute in question.'" *See Karenev v. State*, 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran, J., concurring) (quoting 16 C.J.S. *Constitutional Law* § 113, at 149 (2005)).

3

designated for publication) (concluding that the appellant forfeited his constitutional complaints regarding his right to allocution by failing to object or otherwise raise that error in the trial court). Having failed to voice any objection to the trial court regarding either issue, Aguilar has preserved neither for our review. *See* TEX. R. APP. P. 33.1(a). Aguilar's first and second issues are therefore overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of June, 2010.

4