**Affirmed and Memorandum Opinion filed July 9, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00957-CR

---

**JOSEPH VINCENT SZADA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1314862**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of aggravated sexual assault of a child under fourteen years of age. The trial court sentenced appellant to forty years in the Texas Department of Criminal Justice. Appellant seeks to challenge the constitutionality of section 22.021 of the Texas Penal Code for the first time on appeal. Appellant concedes the issue was not raised in the trial court but argues that "fundamental error" may be raised for the first time on appeal and contends

that appellate courts should entertain a facial challenge to the statute under which the defendant was convicted, even when raised for the first time on appeal.

Appellant claims section 22.021 is unconstitutional because it fails to require proof of a defendant's culpable mental state relating to the alleged victim's age, *i.e.,* that the defendant knew the victim was younger than fourteen years of age. Appellant also argues this failure renders the indictment, which similarly requires no such proof, fundamentally defective. Appellant further contends section 22.021 is unconstitutional because it fails to recognize an affirmative defense based on a defendant's reasonable believe that the alleged victim was seventeen years of age or older at the time of the offense.

"[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). *See also Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Ft. Worth 2012, pet. ref'd). Likewise, an as-applied challenge to the constitutionality of a statute can also be forfeited. *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish - TEX. R. APP. P. 47.2(b)