81,695-02

Michael Ibenyenwa
Robertson Unit # 1638105
12071    FM    3522
Abilene, TX. 79601

01.20.15

Clerk of the Court:
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

   re: filing of the enclosed request
       for the Court Upon It's Own Motion
       to rehear their denial of the writ
       of habeas corpus that was transmitted
       up from the Criminal District Court No. 3
       of Tarrant County, Texas, in trial court
       cause number C-3-010068-1149004-A.

Dear Clerk:

     Please file the enclosed request. Applicant-movant only has
a matter of days left before the 15-day ruling for filing request
for reharing is over. Thank you.

Sincerely,

Michael
Michael

MOTION DENIED
DATE: 2-11-15
BY: PC

cc

Abel Acosta, Clerk

JAN 2 6 2015

COURT OF CRIMINAL APPEALS
RECEIVED IN

## IN THE
## COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

EX PARTE MICHAEL IBENYENWA,  §    FROM THE CRIMINAL DISTRICT
    APPLICANT-MOVANT,  §    COURT NO. 3, TARRANTCO.    TX

                §

VS.  §

                §    TRIAL  COURT  CAUSE NUMBER
THE STATE OF TEXAS,
        RESPONDENT.  §    C-3-010068-1149004-A.


requesting the court
UPON IT'S OWN MOTION
TO REHEAR THE DENIAL

TO THE HONORABLE JUDGES:


COMES NOW, the above named applicant-movant, acting in his own behalf, respectfully requesting the court to rehear their denial of applicant's writ of habeas corpus upon the Court's Own Motion.


IN SUPPORT THEREOF, applicant-movant would show the Court:


## I
## JURISDICTION


THIS COURT'S JURISDICTION is retain in view of the Rules that grant applicant-movant 15-days to file morion for rehearing upon the Court's own motion and their recent denial was issued on the 14th day of january, 2015; and received by applicant-movant on January 20, 2015. This rerquest for reharing upon the Court's own motion was filed/mailed this same day of January 20, 2015.


-1-

## II
## REASONS FOR
## GRANTING A REHEARING

[1] This request is being made in good faith because applicant-movant knows that as a matter of fact and law that his Constitutional Claims are meritorious. In that,

a. Jurists of reason have already found that an attack on the Constitutionality of a Statute ought to be raised on appeal regardless of whether or not defense counsel lodged, objection(s) or motion(s). See Karenev-v-State, 281 SW.3d 428, 432-434 (Tex.Crim.App. 2009) [A facial challenge to the Copnstitutionality of a Statute is a forfeitable right, that is, it may be lost by the "failure to insist upon it by objection, request, motion, or some other behavior."]. In which Karenev was a plurality opinion of 5 -to- 4. In other words, four Judges dissented with Judge Cochran writing extensively on the issue that the requirement that a facialXX challenge to a Statute be preserved is not absolute, and a defendant may raise for the first time on appeal an unpreserved challenge to the Constitutionality of a Statute.

Therefore, this Court ought to revisit Karenev when an applicant raises said issue [as applicnat-movant has] on habeas corpus, in view of no court to date having determined whether a Statute's Constitutionality not preserved at trial or on motion for new trial and barred from being addressed on appeal due to not trial court preservation has right to raise said on habeas corpus.

b. Likewise, since the trial court did not get opportunity to rule on the Constitutionality of § 21.02, Texas Penal Code offense and the appellate court ruled applicnat was barred from doing so because counsel did not preserve the issue; ought not applicnat on first habeas corpus be able to raise ineffective assistance of counsel for failing the lodge objection, request, motion or some tober type attack on the Constitutionality of said statute ? In light of the Karenev-v-State, supra, case being ruled upon a year prior to applicant-movant's trial?

c. Thus, the issue of whether the Continuous Sexual Abuse Statue embodied in § 21.02 of the Texas Penal Code is unconstitutional on it's face and as applied under the State and Federal Constitution because it eliminates unanimity has not been addressed by this Court on habeas corpus. Whether it be in/of itself? or whether counsel's failure to lodge some objection, request, motion, etc. is deficient conduct? In view of the four Judges in Karenev who dissented and the five Judges who ruled it had to be preserved at trial or on motion for new trial but counsel failed to do so in the instant case?

Defense counsel's self-serving position that he had no valid reason to lodge said to preserve the constitutonality isse because the law on the matter was equivocal is invalid because both the karenev case and the Richardson-v-United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), were publsihed opinions readily available to defense counsel. But apparently he was not current and/or did not research the law on this issue in view of the Texas progeny mandating unamimity from ajury in reaching it's decions at trial. It is incumbent upon counsel to know the law as it applies to the facts of the instant case. Strickland-v-Washington 466 U.S. 668 (1984).

[2] Each of applicant-movant's other grounds of error within the framework of the proposition relied within his memorandum of law are meritorious and worthy of this Court's rehearing thwem.

CONCLUSION

APPLICANT-MOVANT PARYS THIS Honorable Court will GRANT this request for the Court upon it's own motion to rehear their decision to deny and revisit the habeas issues raised in the writ. Thank you.

Respectfully requested,

_Michael Ibenyenwa_

MICHAEL IBENYENWA: APPLICANT-MOVANT

-3-

## VERIFICATION

I, Michael Ibenyenwa, applicnat-movant in the foregoing request for the Court Upon It's Own Motion to Rehear their denial of the writ of habeas corpus does hereby verify under penalty of perjury that the facts contained in said request are true. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071    FM    3522
ABILENE, TX. 79601

cc

-4-



## CERTIFICATE OF SERVICE

I, Michael Ibenyenwa, applicant-movant in the foregoing request for the Texas Court of Criminsal Appeals upon it's own motion to rehear their denial of the writ of habeas corpus. I certify that true copies of said request were placed in the Robertson Unit's mail box addressed to the Clerk of the Court of Criminal Appeals on the 20th DAY OF JANUARY 2015. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071    FM    3522
ABILENE, TX. 79601

CC

-5-

Michael Ibenyenwa
Robertson Unit # 1638105
12071    FM    3522
Abilene, TX. 79601

01.20.15

Clerk of the Court:
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

   re: filing of the enclosed request
     for the Court Upon It's Own Motion
     to rehear their denial of the writ
     of habeas corpus that was transmitted
     up from the Criminal District Court No. 3
     of Tarrant County, Texas, in trial court
     cause number C-3-010068-1149004-A.

Dear Clerk:

    Please file the enclosed request. Applicant-movant only has
a matter of days left before the 15-day ruling for filing request
for rehearing is over. Thank you.

Sincerely,

*Michael*

Michael

cc

## IN THE
## COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| EX PARTE MICHAEL IBENYENWA, APPLICANT-MOVANT, | § § § | FROM THE CRIMINAL DISTRICT COURT NO. 3, TARRANT CO.  TX |
| VS. | § | |
| THE STATE OF TEXAS, RESPONDENT. | § § | TRIAL  COURT  CAUSE NUMBER C-3-010068-1149004-A. |

requesting the court
UPON IT'S OWN MOTION
TO REHEAR THE DENIAL

TO THE HONORABLE JUDGES:

COMES NOW, the above named applicant-movant, acting in his own behalf, respectfully requesting the court to rehear their denial of applicant's writ of habeas corpus upon the Court's Own Motion.

IN SUPPORT THEREOF,  applicant-movant would show the Court:

## I
## JURISDICTION

THIS COURT'S JURISDICTION is retain in view of the Rules that grant applicant-movant 15-days to file morion for rehearing upon the Court's own motion and their recent denial was issued SMM  on the 14th day of january, 2015; and received by applicant-movant on January 20, 2015. This rerquest for reharing upon the Court's own motion was filed/mailed this same day of January 20, 2015.

-1-

## II
## REASONS FOR
## GRANTING A REHEARING

[1] This request is being made in good faith because applicant-movant knows that as a matter of fact and law that his Constitutional Claims are meritorious. In that,

a. Jurists of reason have already found that an attack on the Constitutionality of a Statute ought to be raised on appeal regardless of whether or not defense counsel lodged, objection(s) or motion(s). See Karenev-v-State, 281 SW.3d 428, 432-434 (Tex.Crim.App. 2009) [A facial challenge to the Copnstitutionality of a Statute is a forfeitable right, that is, it may be lost by the "failure to insist upon it by objection, request, motion, or some other behavior."]. In which Karenev was a plurality opinion of 5 -to- 4. In other words, four Judges dissented with Judge Cochran writing extensively on the issue that the requirement that a facialX challenge to a Statute be preserved is not absolute, and a defendant may raise for the fiast time on appeal an unpreserved challenge to the Constitutionality of a Statute.

Therefore, this Court ought to revisit Karenev when an applicant raises said issue [as applicnat-movant has] on habeas corpus, in view of no court to date having determined whether a Statute's Constitutionality not preserved at trial or on motion for new trial and barred from being addressed on appeal due to not trial court preservation has right to raise said on habeas corpus.

b. Likewise, since the trial court did not get opportunity to rule on the Constitutionality of § 21.02, Texas Penal Code offense and the appellate court ruled applicnat was barred from doing so because counsel did not preserve the issue; ought not applicnat on first habeas corpus be able to raise ineffective assistance of counsel for failing the lodge objection, request, motion or some tober type attack on the Constitutionality of said statute ? In light of the Karenev-v-State, supra, case being ruled upon a year prior to applicant-movant's trial?

c. Thus, the issue of whether the Continuous Sexual Abuse Statue embodied in § 21.02 of the Texas Penal Code is unconstitutional on it's face and as applied under the State and Federal Constitution because it eliminates unanimity has not been addressed by this Court on habeas corpus. Whether it be in/of itself? or whether counsel's failure to lodge some objection, request, motion, etc. is deficient conduct? In view of the four Judges in Karenev who dissented and the five Judges who ruled it had to be preserved at trial or on motion for new trial but counsel failed to do so in the instant case?

Defense counsel's self-serving position that he had no valid reason to lodge said to preserve the constitutonality issue because the law on the matter was equivocal is invalid because both the karenev case and the Richardson-v-United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), were publsihed opinions readily available to defense counsel. But apparently he was not current and/or did not research the law on this issue in view of the Texas progeny mandating unanimity from ajury in reaching it's decions at trial. It is incumbent upon counsel to know the law as it applies to the facts of the instant case. Strickland-v-Washington 466 U.S. 668 (1984).

[2] Each of applicant-movant's other grounds of error within the framework of the proposition relied within his memorandum of law are meritorious and worthy of this Court's rehearing thwem.

## CONCLUSION

APPLICANT-MOVANT PARYS THIS Honorable Court will GRANT ythis request for the Court upon it's own motion to rehear their decision to deny and revisit the habeas issues raised in the writ. Thank you.

Respectfully requested,

_Michael Ibenyenwa_

MICHAEL IBENYENWA: APPLICANT-MOVANT

-3-

## VERIFICATION

I, Michael Ibenyenwa, applicnat-movant in the foregoing request for the Court Upon It's Own Motion to Rehear their denial of the writ of habeas corpus does hereby verify under penalty of perjury that the facts contained in said request are true. I attest to this by affixing my signature below:

_Michael Ibenyenwa_
SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071    FM    3522
ABILENE, TX. 79601

cc

-4-

## CERTIFICATE OF SERVICE

I, Michael Ibenyenwa, applicant-movant in the foregoing request for the Texas Court of Criminsal Appeals upon it's own motion to rehear their denial of the writ of habeas corpus. I certify that true copies of said request were placed in the Robertson Unit's mail box addressed to the Clerk of the Court of Criminal Appeals on the 20th DAY OF JANUARY 2015. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071     FM     3522
ABILENE, TX. 79601

cc

-5-

Michael Ibenyenwa
Robertson Unit # 1638105
12071     FM     3522
Abilene, TX. 79601

01.20.15

Clerk of the Court:
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

   re: filing of the enclosed request
       for the Court Upon It's Own Motion
       to rehear their denial of the writ
       of habeas corpus that was transmitted
       up from the Criminal District Court No. 3
       of Tarrant County, Texas, in trial court
       cause number C-3-010068-1149004-A.

Dear Clerk:

     Please file the enclosed request. Applicant-movant only has
a matter of days left before the 15-day ruling for filing request
for rehearing is over. Thank you.

Sincerely,

*Michael*
Michael

cc

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE MICHAEL IBENYENWA,      §      FROM THE CRIMINAL DISTRICT
APPLICANT-MOVANT,                §      COURT NO. 3, TARRANTCO.    TX

                                 §

VS.                              §

                                 §      TRIAL   COURT   CAUSE  NUMBER
THE STATE OF TEXAS,
        RESPONDENT.              §         C-3-010068-1149004-A.

requesting the court
UPON IT'S OWN MOTION
TO REHEAR THE DENIAL

TO THE HONORABLE JUDGES:

COMES NOW, the above named applicant-movant, acting in his own behalf, respectfully requesting the court to rehear their denial of applicant's writ of habeas corpus upon the Court's Own Motion.

IN SUPPORT THEREOF, applicant-movant would show the Court:

I
JURISDICTION

THIS COURT'S JURISDICTION is retain in view of the Rules that grant applicant-movant 15-days to file morion for rehearing upon the Court's own motion and their recent denial was issued SMM on the 14th day of january, 2015; and received by applicant-movant on January 20, 2015. This rerquest for reharing upon the Court's own motion was filed/mailed this same day of January 20, 2015.

-1-

## II
## REASONS FOR
## GRANTING A REHEARING

[1] This request is being made in good faith because applicant-movant knows that as a matter of fact and law that his Constitutional Claims are meritorious. In that,

a. Jurists of reason have already found that an attack on the Constitutionality of a Statute ought to be raised on appeal regardless of whether or not defense counsel lodged, objection(s) or motion(s). See Karenev-v-State, 281 SW.3d 428, 432-434 (Tex.Crim.App. 2009) [A facial challenge to the Copnstitutionality of a Statute is a forfeitable right, that is, it may be lost by the "failure to insist upon it by objection, request, motion, or some other behavior."]. In which Karenev was a plurality opinion of 5 -to- 4. In other words, four Judges dissented with Judge Cochran writing extensively on the issue that the requirement that a facial challenge to a Statute be preserved is not absolute, and a defendant may raise for the first time on appeal an unpreserved challenge to the Constitutionality of a Statute.

Therefore, this Court ought to revisit Karenev when an applicant raises said issue [as applicnat-movant has] on habeas corpus, in view of no court to date having determined whether a Statute's Constitutionality not preserved at trial or on motion for new trial and barred from being addressed on appeal due to not trial court preservation has right to raise said on habeas corpus.

b. Likewise, since the trial court did not get opportunity to rule on the Constitutionality of § 21.02, Texas Penal Code offense and the appellate court ruled applicnat was barred from doing so because counsel did not preserve the issue; ought not applicnat on first habeas corpus be able to raise ineffective assistance of counsel for failing the lodge objection, request, motion or some tober type attack on the Constitutionality of said statute ? In light of the Karenev-v-State, supra, case being ruled upon a year prior to applicant-movant's trial?

c. Thus, the issue of whether the Continuous Sexual Abuse Statue embodied in § 21.02 of the Texas Penal Code is unconstitutional on it's face and as applied under the State and Federal Constitution because it eliminates unanimity has not been addressed by this Court on habeas corpus. Whether it be in/of itself? or whether counsel's failure to lodge some objection, request, motion, etc. is deficient conduct? In view of the four Judges in Karenev who dissented and the five Judges who ruled it had to be preserved at trial or on motion for new trial but counsel failed to do so in the instant case?

Defense counsel's self-serving position that he had no valid reason to lodge said to preserve the constitutonality issue because the law on the matter was equivocal is invalid because both the Karenev case and the Richardson-v-United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), were publsihed opinions readily available to defense counsel. But apparently he was not current and/or did not research the law on this issue in view of the Texas progeny mandating unanimity from ajury in reaching it's decions at trial. It is incumbent upon counsel to know the law as it applies to the facts of the instant case. Strickland-v-Washington 466 U.S. 668 (1984).

[2] Each of applicant-movant's other grounds of error within the framework of the proposition relied within his memorandum of law are meritorious and worthy of this Court's rehearing them.

## CONCLUSION

APPLICANT-MOVANT PARYS THIS Honorable Court will GRANT this request for the Court upon it's own motion to rehear their decision to deny and revisit the habeas issues raised in the writ. Thank you.

Respectfully requested,

_Michael Ibenyenwa_

MICHAEL IBENYENWA: APPLICANT-MOVANT

-3-

## VERIFICATION

I, Michael Ibenyenwa, applicant-movant in the foregoing request for the Court Upon It's Own Motion to Rehear their denial of the writ of habeas corpus does hereby verify under penalty of perjury that the facts contained in said request are true. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071    FM    3522
ABILENE, TX. 79601

cc

-4-

## CERTIFICATE OF SERVICE

I, Michael Ibenyenwa, applicant-movant in the foregoing request for the Texas Court of Criminal Appeals upon it's own motion to rehear their denial of the writ of habeas corpus. I certify that true copies of said request were placed in the Robertson Unit's mail box addressed to the Clerk of the Court of Criminal Appeals on the 20th DAY OF JANUARY 2015. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1636105
12071     FM     3522
ABILENE, TX. 79601

CC

Michael Ibenyenwa
Robertson Unit # 1638103
12071        FM        3522
Abilene, TX. 79601

01.20.15

Clerk of the Court:
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

     re: filing of the enclosed request
        for the Court Upon It's Own Motion
        to rehear their denial of the writ
        of habeas corpus that was transmitted
        up from the Criminal District Court No. 3
        of Tarrant County, Texas, in trial court
        cause number C-3-010068-1149004-A.

Dear Clerk:

    Please file the enclosed request. Applicant-movant only has
a matter of days left before the 15-day calling for filing request
for rehearing is over. Thank you.

Sincerely,

Michael

cc

# IN THE
## COURT OF CRIMINAL APPEALS
### AUSTIN, TEXAS

| | | |
|---|---|---|
| EX PARTE MICHAEL IDENYENWA, | § | FROM THE CRIMINAL DISTRICT |
| APPLICANT-MOVANT, | | COURT NO. 3, TARRANCO.  TX |
| | § | |
| VS. | § | |
| | § | TRIAL  COURT  CAUSE  NUMBER |
| THE STATE OF TEXAS, | | |
| RESPONDENT. | § | C-3-010068-1149004-A. |

requesting the court
UPON IT'S OWN MOTION
TO REHEAR THE DENIAL

TO THE HONORABLE JUDGES:

COMES NOW, the above named applicant-movant, acting in his own behalf, respectfully requesting the court to rehear their denial of applicant's writ of habeas corpus upon the Court's Own Motion.

IN SUPPORT THEREOF, applicant-movant would show the Court:

## I
## JURISDICTION

THIS COURT'S JURISDICTION is retain in view of the Rules that grant applicant-movant 15-days to file motion for rehearing upon the Court's own motion and their recent denial was issued on the 14th day of january, 2015; and received by applicant-movant on January 20, 2015. This rerquest for reharing upon the Court's own motion was filed/mailed this same day of January 20, 2015.

-1-

## II
## REASONS FOR
## GRANTING A REHEARING

(1) This request is being made in good faith because applicant-movant knows that as a matter of fact and law that is Constitutional Claims are meritorious. In that,

a. Jurists of reason have already found that an attack on the Constitutionality of a Statute ought to be raised on appeal regardless of whether or not defense counsel lodged, objection(s) or motion(s). See Karenev-v-State, 281 SW.3d 428, 432-434 (Tex.Crim.App. 2009) [A facial challenge to the Copnstitutionality of a Statute is a forfeitable right, that is, it may be lost by the "failure to insist upon it by objection, request, motion, or some other behvior."]. In which Karenev was a plurality opinion of 5 -to- 4. In other words four Judges dissented with Judge Cochran writing extensively on the issue that the requirement that a facial challenge to a Statute be preserved is not absolute, and a defendant may raise for the fiast time on appeal an unpreserved challenge to the Constitutionality of a Statute.

Therefore, this Court ought to revisit Karenev when an applicant raises said issue [as applicnat-movant has] on habeas corpus, in view of no court to date having determined whether a Statute's Constitutionality not preserved at trial or on motion for new trial and barred from being addressed on appeal due to not trial court preservation has right to raise said on habeas corpus.

b. Likewise, since the trial court did not get opportunity to rule on the Constitutionality of § 21.02, Texas Penal Code offense and the appellate court ruled applicnat was barred from doing so because counsel did not preserve the issue; ought not applicnat on first habeas corpus be able to raise ineffective assistance of counsel for failing the lodge objection, request, motion or some tober type attack on the Constitutionality of said statute ? In light of the Karenev-v-State, supra, case being ruled upon a year prior to applicant-movant's trial?

-2-

c. Thus, the issue of whether the Continuous Sexual Abuse Statue embodied in § 21.02 of the Texas Penal Code is unconstitutional on it's face and as applied under the State and Federal Constitution because it eliminates unanimity has not been addressed by this Court on habeas corpus. Whether it be in/of itself? or whether counsel's failure to lodge some objection, request, motion, etc. is deficient conduct? In view of the four Judges in Karenev who dissented and the five Judges who ruled it had to be preserved at trial or on motion for new trial but counsel failed to do so in the instant case?

Defense counsel's self-serving position that he had no valid reason to lodge said to preserve the constitutonality isse because the law on the matter was equivocal is invalid because both the karenev case and the Richerdson-v-United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), were publsihed opinions readily available to defense counsel. But apparently he was not current and/or did not research the law on this issue in view of the Texas progeny mandating unanimity from ajury in reaching it's decions at trial. It is incumbent upon counsel to know the law as it applies to the facts of the instant case. Strickland-v-Washington 466 U.S. 668 (1984).

[2] Each of applicant-movant's other grounds of error within the framework of the proposition relied within his memorandum of law are meritorious and worthy of this Court's rehearing thwem.

## CONCLUSION

APPLICANT-MOVANT PARYS THIS Honorable Court will GRANT #this request for the Court upon it's own motion to rehear their decision to deny and revisit the habeas issues raised in the writ. Thank you.

Respectfully requested,

MICHAEL IBENYENWA: APPLICANT-MOVANT

-3-

## VERIFICATION

I, Michael Ibenyenwa, applicnat-movant in the foregoing request for the Court Upon It's Own Motion to Rehear their denial of the writ of habeas corpus does hereby verify under penalty of perjury that the facts contained in said request are true. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071     FM    3522
ABILENE, TX. 79601

cc

-4-

# CERTIFICATE OF SERVICE

I, Michael Ibenyenwa, applicant-movant in the foregoing request for the Texas Court of Criminal Appeals upon it's own motion to rehear their denial of the writ of habeas corpus. I certify that true copies of said request were placed in the Robertson Unit's mail box addressed to the Clerk of the Court of Criminal Appeals on the 20th DAY OF JANUARY 2015. I attest to this by affixing my signature below:

SIGNATURE: MICHAEL IBENYENWA
ROBERTSON UNIT # 1638105
12071      FM    3522
ABILENE, TX. 79601

cc