Affirmed and Memorandum Opinion filed December 17,
2009.

 

In The

 

Fourteenth
Court of Appeals

___________________

 

NO. 14-09-00323-CR

___________________

 

DANNY EUBANK,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee



 



 

On Appeal from the 19th District Court

McLennan County, Texas



Trial Court Cause No. 2009-192-C1

 



 

MEMORANDUM OPINION

            Appellant Danny Eubank appeals his conviction
for aggravated assault challenging the constitutionality of section 22.02 of
the Texas Penal Code.  We affirm.

            The indictment charging appellant with aggravated
assault alleged that he recklessly caused serious bodily injury to his
girlfriend by striking her with a broom or wooden board or his hands or feet,
or an object unknown to the grand jury.  The second paragraph of the indictment
charged appellant with knowingly, or recklessly causing bodily injury to his
girlfriend by striking her with a broom or wooden board, or his hands or feet, and
the use or exhibition of a deadly weapon.  A jury found appellant guilty of
aggravated assault and assessed punishment, enhanced by one prior felony
conviction, at 45 years in the Institutional Division of the Texas Department
of Criminal Justice.

            In a single issue, appellant challenges the constitutionality
of section 22.02 of the Texas Penal Code.  Section 22.02 provides that a person
commits aggravated assault if he or she commits assault as defined in section
22.01 and the person: “(1) causes serious bodily injury to another, including
the person’s spouse; or (2) uses or exhibits a deadly weapon during the
commission of the assault.”  Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2009). 
Appellant argues that the statute is facially unconstitutional because it does
not require that the jury agree on which way the aggravated assault was
committed.

            By challenging the text of the statute itself, not its
application to the particular circumstances of an individual, appellant asserts
a facial challenge to the constitutionality of section 22.02.  See U.S. v.
Salerno, 481 U.S. 739, 745 (1987) (Challenger attacking facial validity of
legislative act must establish that no set of circumstances exists under which
the act is valid.).  In his brief, appellant admits this issue was not raised
in the trial court.  He argues, however, that the constitutionality of a
statute is a Marin category-I right and may be raised for the first time
on appeal.  In Marin v. State, the court of criminal appeals divided the
rules of error preservation into three categories:  (1) absolute requirements
or prohibitions, (2) rights that are waivable-only, and (3) rights that can be
forfeited.  851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993).  A facial challenge
to the constitutionality of a statute falls within the third category.  Karenev
v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  Therefore, by
failing to raise the issue of the constitutionality of section 22.02 at trial,
appellant waived error.  We overrule appellant’s sole issue.

            The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.

Do Not Publish — Tex.
R. App. P. 47.2(b).