NUMBER 13-09-00613-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PEDRO AGUILAR, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Pedro Aguilar complains of the revocation of his community supervision,
upon which he was sentenced to four years' incarceration. By two issues, (1) Aguilar argues
that: (1) the trial court erred in failing to ask Aguilar if there was any legal reason his
sentence should not be imposed; and (2) article 42.07 of Texas Code of Criminal
Procedure is unconstitutional because it abridges his due process right under the United
States Constitution to directly address the court in mitigation of his sentence. See Tex.
Code Crim. Proc. Ann. art. 42.07 (Vernon 2006). We affirm.

I. Background (2)

 In November 2007, Aguilar was placed on six years' deferred adjudication
community supervision for burglary of a habitation. See Tex. Penal Code Ann. §
30.02(a)(1) (Vernon 2003). On March 20, 2009, the State filed its motion to revoke,
alleging that Aguilar had violated four conditions of his community supervision. The trial
court held a hearing on the State's motion on September 29, 2009, at which Aguilar
pleaded true to three of the four violations. (3) The trial court then adjudicated Aguilar's guilt
and, following a plea bargain agreement between the State and Aguilar, (4) sentenced Aguilar
to four years' confinement in the Institutional Division of the Texas Department of Criminal
Justice.

II. Discussion By one issue, Aguilar appears to argue that the trial court violated article 42.07 of
the code of criminal procedure when it failed to ask Aguilar if there was any reason his
sentence should not be imposed. See Tex. Code Crim. Proc. Ann. art. 42.07. By a
second issue, Aguilar contends that article 42.07 of the code of criminal procedure
unconstitutionally restricts his right to allocution (5)--in other words, that his federal due
process rights were violated when he was not afforded the opportunity to personally
address the court regarding his sentence, apart from testifying or otherwise presenting
evidence to the court. See id. (providing that a defendant "shall be asked whether he has
anything to say why the sentence should not be pronounced against him" and that the only
reasons for which sentence cannot be pronounced are (1) a pardon, (2) incompetency, or
(3) mistaken identity). However, we do not reach either issue because Aguilar failed to
preserve them for our review.

 First, Aguilar was required to object to the trial court that he was denied his right to
allocution under article 42.07 in order to preserve that complaint for appellate review. 
Eisen v. State, 40 S.W.3d 628, 636-37 (Tex. App.-Waco 2001, pet. ref'd); see also Reyna
v. State, No. 13-98-00429-CR, 2002 WL 253780, at *1 (Tex. App.-Corpus Christi Feb. 21,
2002, no pet.) (mem. op., not designated for publication). Second, any facial challenge to
the constitutionality of a statute must be raised in the trial court. (6) Karenev v. State, 281
S.W.3d 428, 434 (Tex. Crim. App. 2009); see also Henkel v. State, No. 13-03-00112-CR,
2005 WL 5926929, at *6 (Tex. App.-Corpus Christi Apr. 14, 2005, no pet.) (mem. op., not
designated for publication) (concluding that the appellant forfeited his constitutional
complaints regarding his right to allocution by failing to object or otherwise raise that error
in the trial court). Having failed to voice any objection to the trial court regarding either
issue, Aguilar has preserved neither for our review. See Tex. R. App. P. 33.1(a). Aguilar's
first and second issues are therefore overruled. 

III. Conclusion

 The judgment of the trial court is affirmed. 



 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 17th 

day of June, 2010.

1. Although Aguilar labels his arguments as one issue, we believe he has articulated two issues for our
review.
2. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4. 
3. At the hearing on its motion to revoke, the State abandoned one of its four original alleged violations.
4. Aguilar affirmed to the trial court that he understood and accepted the plea bargain deal.
5. "Allocution" is defined as an "unsworn statement from a convicted defendant to the sentencing judge
or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say
anything else in an effort to lessen the impending sentence." Black's Law Dictionary 88 (9th ed. 2009).
6. We construe Aguilar's second issue as a facial challenge to the constitutionality of article 42.07
because Aguilar appears to "'consider only the text of the measure itself, and not its application to the
particular circumstances of [his case]. A party asserting a facial challenge to a statute seeks to vindicate not
only his own rights, but also those of others who may also be adversely impacted by the statute in question.'" 
See Karenev v. State, 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran, J., concurring) (quoting 16
C.J.S. Constitutional Law § 113, at 149 (2005)).