PD-0761-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/1/2015 4:32:18 PM
Accepted 12/1/2015 4:47:59 PM
ABEL ACOSTA
CLERK

No. PD-0761-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

PATRICK MARCEL BROWN
*Appellant*

**FILED IN
COURT OF CRIMINAL APPEALS**

**December 1, 2015**

**ABEL ACOSTA, CLERK**

v.

THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review from
Cause No. 14-13-00839-CR, affirming the decision in
Cause No. 1391739, in the 262nd Judicial District Court of Harris County, Texas

MOTION FOR REHEARING

SECTION 38.122 MUST BE INVALIDATED FOR THE THREAT IT PRESENTS TO THE
FIRST AMENDMENT

## A. Initial Request to Review the Oral Argument in the Fourteenth Court of Appeals

Appellant humbly requests that the Court of Criminal Appeals listen to the oral argument in Appellant's case if it has not done so already. There is a stark contrast between the posture of the Court of Appeals at argument, where the Court of Appeals acknowledges the impact of Section 38.122 on the valid practice of law, and the Court of Appeals's published opinion, which glosses over the issue of the statute's overbreadth. The Court of Appeals's opinion gives an incomplete and limited perspective of the important issues decided in Appellant's case.

**B. Section 38.122 as interpreted by this Court and the Fourteenth Court of Appeals is particularly dangerous from a policy standpoint**

Incrementally, this Court and the Fourteenth Court of Appeals have broadened the definitions applicable to Section 38.122 to the point where they apply in unreasonable contexts. In *Celis*, this Court made several important holdings: 1) that the "mental-state requirement [is limited] to the economic-benefit element," 2) that "good standing" requirement applies regardless of whether a lawyer is licensed in another state, and 3) Section 38.122 applies unless certain requirements are met. *Celis v. State*, 416 S.W.3d 419, 428 (Tex. Crim. App. 2013). But Section 38.122 has no "truth defense" and has no nexus to the practice of law within Texas. Under this Court's definition, an out-of-state lawyer violates the law whether the lawyer truthfully represents her status as a lawyer ("licensed in Illinois"), conditions payment and representation upon obtaining permission to appear before Texas courts *pro hac vice* in the future, or offers to represent a client in matters outside of Texas state law. Section 38.122 prohibits speech that is neither misleading nor proposes an unlawful transaction. *See 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 528 (1996) (Even where speech is purely commercial, where "the speech at issue concerns lawful activity and is not misleading, and […] the asserted governmental interest is substantial[, … the Court] must decide whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.").

The Fourteenth Court of Appeals ups the ante by concluding that a person can "hold oneself out as a lawyer" if the person "acts like a lawyer," even if that person never actually claims to be a lawyer. *Brown v. State*, 468 S.W.3d 158, 166 (Tex. App.-Houston [14th Dist.] 2015, pet. ref'd). The example posed at trial and considered by the Court of Appeals is telling: if a person performs electrical work in a person's house, in the Court of Appeals's eyes, that person ceases to be an honest handyman and is transformed by subjective belief into a charlatan electrician. *Id.* at 164–166. However, as criminal law must be clear in its meaning and application, it must avoid being founded upon a subjective basis. *See e.g. Michigan v. Bryant*, 562 U.S. 344, 360 n. 7 (2011) (criminal law disfavors subjective inquiry). The transformation of the requirement of "holding oneself out a lawyer" into criminalizing merely permitting oneself to be perceived as a lawyer threatens lawful professions including legal paraprofessionals, tax advisors, licensed advocates practicing before agencies, and negotiators.

Section 38.122 is open to an even broader interpretation, and may be applied to a number of unwitting people who could be said to be "holding themselves out to be lawyers" for compensation. Law professors, who might not be licensed to practice law, provide legal education for compensation. Actors frequently pretend to be lawyers in paid acting jobs. *See Brown v. Perez*, 25 S.W. 980, 983 (Tex. Civ. App. 1894) (defining "pretend" as "**[t]o hold out as true** that which is false; to feign; to simulate."). Similarly, satirists and comedians pretend to be lawyers as part of paid

creative works. None of these people should face the expense, emotional strain, and threat of wrongful incarceration posed by the possibility of prosecution under Section 38.122 for lawful activities.

## C. The licensing and good standing exceptions to Section 38.122 are insufficient to protect the innocent or to satisfy First Amendment

In *Stevens*, the Government asserted that the clause "exempt[ing] from prohibition any depiction that has serious religious, political, scientific, educational, journalistic, historical, or artistic value" from the federal law banning depictions of cruelty to animals sufficiently narrowed the statute's reach. *United States v. Stevens*, 559 U.S. at 477-478. But the Supreme Court concluded that the exceptions did not go far enough. First, the law limited its protection to speech of "serious value," which was not broad enough to save the statute *Id.* at 478. Second, the law did not protect speech which lacked religious, political, scientific, educational, journalistic, historical, or artistic value but was still afforded protection by the First Amendment. *Id.* at 478-80.

Section 38.122 suffers from similar problems as the law considered in *Stevens*. First, the exceptions to prosecution are not broad enough to save the statute, as they narrowly exempt only lawyers in good standing with **both** the Texas bar **and** any other bar organizations the person belongs to from prosecution. TEX. CODE CRIM. PROC., ART. 38.122(a). But what of lawyers licensed by the Texas Bar who decide to let other bar memberships lapse in other jurisdictions? What of licensed lawyers who

do not practice Texas law but who are fully credentialed to provide any services they hold themselves out to provide? Second, the law provides no defense where a person's statements are truthful and not misleading. What happens to an unlicensed or out-of-jurisdiction lawyer embarking upon a non-legal career? Or to the licensed out-of-jurisdiction lawyer practicing out of state law from a summer home in Texas? Section 38.122(a) is a poorly drafted statute that must be invalidated so that the legislature can address the law's glaring flaws.

## D. Courts have the obligation to strike down statutes which unconstitutionally infringe upon civil liberties

As Texas's jurisprudence has slowly digested and interpreted *Jackson v. Virginia*, Texas courts have established increasingly rigorous appellate standards and have expressed an increased reluctance to overturn a trial court's verdict. *Brooks v. State*, 323 S.W.3d 893, 894–895 (Tex. Crim. App. 2010) (rejecting the factual sufficiency standard); *Karenev v. State*, 281 S.W.3d 428, 433–434 (Tex. Crim. App. 2009) (adopting an increasingly rigid preservation standard to even purely legal challenges in case). At the same time, Texas jurisprudence has generally (with few prominent exceptions) retreated from drawing clear legal boundaries or interpreting unclear or unwise statutes in a manner lenient to those who may face prosecution. *Seals v. State*, 187 S.W.3d 417, 422 (Tex. Crim. App. 2005) ("It is not our place within the judiciary, however, to construe a statute based on our notions of what is rational or what makes good common sense."). As a consequence, any desire for the rational application of

Texas criminal law increasingly relies upon the discretion and the "*noblesse oblige*" of the prosecution. *See United States v. Stevens*, 559 U.S. at 480. But constitutional rights and fundamental liberty interests cannot not hang in the balance, subject to self-imposed limits upon prosecutorial discretion. *Id.* Correspondingly, Courts have a duty to see that laws "must be invalidated [when they] function[…] to suppress" the exercise of protected rights and freedoms. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993).

**E. A facially invalid statute must be invalidated even before a pattern of unconstitutional applications arises from its use**

The mere fact that the government has not yet applied a facially unconstitutional statute in a patently unconstitutional way does not save the statute from invalidation. Though no Texas resident was prosecuted for electronically sending "Lolita," "50 Shades of Grey," "Lady Chatterley's Lover," or Shakespeare's "Troilus and Cressida" to a minor, a subsection of Texas's Online Solicitation of a Minor statute was declared unconstitutional. *Ex parte Lo*, 424 S.W.3d 10, 20 (Tex. Crim. App. 2013), *reh'g denied* (Mar. 19, 2014). Although the United States Government refrained from prosecuting production studios who filmed hunting videos, journalists who wrote articles about animal cruelty, and photographers who took pictures of bullfights, federal law prohibiting certain depictions of animal cruelty was similarly declared unconstitutional. *United States v. Stevens*, 559 U.S. at 477-478. Statutes which unconstitutionally limit expression must be invalided even when

applied to conduct which may be prohibited, as the very existence of unconstitutional statutes poses a "significant threat to the public interest, infringing as it does upon rights accorded the highest degree of protection under the First Amendment." *Wilson v. Stocker*, 819 F.2d 943, 952 (10th Cir. 1987). A Court cannot "uphold an unconstitutional statute merely because the Government [so far has used the law] responsibly." *Id.* at 480.

## PRAYER

Appellant prays that this Court grant discretionary review in Appellant's case.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


**/s/** Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender
Harris County Texas
1201 Franklin Street, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net

### CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Rehearing has been served upon the Harris County District Attorney's Office — Appellate Section and upon the State Prosecuting Attorney on December 1, 2015 by electronic service.

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

### CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,474 words excluding portions not to be counted under Tex. R. App. P. 9.4(i)(1).

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

### CERTIFICATION REGARDING GROUNDS FOR REHEARING

"A motion for rehearing an order that refuses a petition for discretionary review may be grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the motion." TEX. R. APP. P. R. 79.2. Counsel for Appellant certifies that this motion is made in good faith, not made for

delay, and is made for the following reasons. 1) Counsel for Appellant believes that Section 38.122 punishes speech that is neither misleading or untruthful and that is not in any traditional category of unprotected speech. 2) Counsel for Appellate believes that Section 38.122, as it has been interpreted and applied in this case, is capable of broader application and reach than even Section 33.021(b), as it can be readily applied to thousands of unwitting, law abiding citizens including licensed lawyers, para-professionals, and citizens providing quasi-legal professional services.

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender