# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00008-CV

### In re Commitment of Johnathan Daniel Wintrow, Appellant

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 22DCV336019, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a final judgment memorializing the jury's unanimous verdict finding that Johnathan Daniel Wintrow is a sexually violent predator and signed a civil commitment order involuntarily confining Wintrow to a residential facility upon his release from any Texas Department of Criminal Justice—Correctional Institutions Division facility. *See* Tex. Health & Safety Code §§ 841.003(a) (defining "sexually violent predator"), .081 (directing trial court to issue order of civil commitment of person found to be "sexually violent predator").

Neither the facts underlying Wintrow's previous criminal convictions nor any evidence presented at the civil hearing that resulted in his civil commitment are at issue in this appeal. Rather, we understand Wintrow to be challenging, through his sole issue on appeal, the constitutionality of Chapter 841 by contending that controlling Texas Supreme Court precedent interprets the statute in a way that renders it unconstitutional. Section 841.003(a) of the Texas Health and Safety Code states:

(a) A person is a sexually violent predator for the purposes of this chapter if the person:

(1) is a repeat sexually violent offender; and

(2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.

Specifically, Wintrow frames his issue as follows:

Under Texas Supreme Court case law, the "behavioral abnormality" element of the State's case is conclusively established as a matter of law once the State proves the "repeat sexually violent offender" element of its case such that there are no meritorious issues that can be raised on appeal that would result in reversible error when personal and subject-matter jurisdiction are also established.

Wintrow clarified in his reply brief that he "does not complain of any error that might have occurred in the trial court." Thus, we construe his briefing to be contending that the Supreme Court's holdings in two civil commitment cases—*In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012) and *In re Commitment of Stoddard*, 619 S.W.3d 665, 668 (Tex. 2020)—have interpreted Chapter 841 in a way that renders it unconstitutional by foreclosing any chance of relief on appeal other than on jurisdictional issues and by allowing the State to obtain a directed verdict in sexually violent predator cases anytime it "conclusively establishes the 'repeat sexually violent offender' element as a matter of law." Wintrow does not contend that he would have meritorious appellate claims if not for the complained of Supreme Court precedent, and a directed verdict was neither sought by the State nor granted by the trial court in this case.

Wintrow does not specifically request, or make arguments in support of, reversal of the trial court's order of civil commitment. Rather, in addition to generally requesting "any

and all relief" that the law requires and that this Court "may deem appropriate" he specifically requests:

> that this Court hand down an opinion deciding that this appeal cannot present reversible error based on the Texas Supreme Court's decision in *Stoddard* that Chapter 841's "behavioral abnormality" issue requires the State to prove only a "likelihood" of sexually reoffending.

Assuming without deciding that we could render the relief Wintrow requests, we do not reach the merits of this claim because Wintrow has not preserved his constitutional challenge.[1] In general, to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion that states "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint" and obtain a ruling by the trial court or object if the trial court refuses to rule. Tex. R. App. P. 33.1(a). Wintrow does not provide any record citations to support preservation of this claim in the trial court and a review of the entire record reveals none.

Rather, Wintrow contends, without any supporting citation to authority, that preservation of this issue is unnecessary because he "does not complain of any error that might have occurred in the trial court." However, "[a]s a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (holding failure to raise due process and equal protection

---

[1] Additionally, we have previously held that the Supreme Court's holding in *Stoddard* did not interpret Chapter 841 in a way that renders it unconstitutional. *See In re Commitment of Solis*, No. 03-21-00373-CV, 2022 WL 3903132, at *6 (Tex. App.—Austin Aug. 31, 2022, no pet.) (mem. op.).

3

challenges in trial court waived them on appeal); *cf. Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (applying preservation requirement to facial constitutional challenges to statutes).[2]

Wintrow did not raise his constitutional challenge in the trial court. Therefore, he failed to preserve the issue for appellate review. *See* Tex. R. App. P. 33.1. For these reasons, we overrule Wintrow's sole issue on appeal.

**CONCLUSION**

Because we overrule Wintrow's sole issue on appeal, we affirm the trial court's order of civil commitment.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed: July 31, 2024

---

[2] Our sister court has also applied the preservation prerequisite of Rule 33.1 to constitutional challenges to Chapter 841. *See In re Commitment of Welsh*, No. 09-15-00498-CV, 2016 WL 4483165, at *2 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.) (holding that facial constitutional challenge to sexually violent predator statute not raised in trial court was unpreserved and overruling issue on appeal for that reason).

4