

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00372-CR

---

JUSTIN DAVID WADDELL                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1332458D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In two points, appellant Justin David Waddell appeals the portion of the trial court's judgment imposing certain court costs. Because we hold that Waddell failed to preserve these arguments for our review, we will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

The facts of this case are not in dispute, nor is their recitation necessary for the disposition of this case. For contextual purposes, it is sufficient to describe that Waddell pleaded guilty to driving while intoxicated and felony repetition and that after the trial court suspended the imposition of a ten-year prison sentence, the trial court placed Waddell on ten years' community supervision. In its judgment, the trial court assessed court costs, part of which were for a $34 "DNA Testing-Pro" cost and a $100 "Emerg Med Serv" cost. Waddell filed a motion for new trial that was overruled by operation of law. This appeal followed.

## III. DISCUSSION

In his first and second points, Waddell argues that the trial court's imposition of the $34 in court costs pursuant to Texas Code of Criminal Procedure article 102.020(a)(3) and the $100 in court costs pursuant to Texas Code of Criminal Procedure article 102.0185(a) are facially unconstitutional taxes. *See* Tex. Code Crim. Proc. Ann. art. 102.020(a)(3) (West Supp. 2015) (imposing a $34 court cost for certain offenses wherein a DNA sample is taken); *see also* Tex. Code Crim. Proc. Ann. art. 102.0185(a) (West Supp. 2015) (imposing certain court costs for intoxication-related offenses). Waddell contends that both of these articles violate the separation of powers provision in the Texas Constitution. *See* Tex. Const. art. II, § 1. He asserts that none of the uses for the costs authorized by these articles are "necessary or incidental" to the

2

trial of a criminal case; that the costs therefore operate as a tax and turn courts into tax gatherers; and that an overruled 1942 decision from the court of criminal appeals precludes these costs. *See Ex parte Carson*, 143 Tex. Crim. 498, 500–01, 505, 159 S.W.2d 126, 127, 130 (1942), *overruled by Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App.) ("We therefore reject *Carson's* requirement that, in order to pass constitutional muster, the statutorily prescribed court cost must be 'necessary' or 'incidental' to the 'trial of a criminal case.'").

Waddell did not present any of these arguments in the trial court at the time he entered his plea, nor did he present them in his motion for new trial. The State contends that he therefore did not preserve them for our review. We agree with the State.

Generally, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 305–06 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. Even most constitutional issues, including facial challenges to the constitutionality of a statute, may be forfeited by failing to raise them in the trial court. *Ibenyenwa v. State*, 367

S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g); *see Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."). We should not address the merits of an issue that has not been preserved for our review. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

This court has recently addressed an argument similar to those Waddell now brings and held that the failure to present to the trial court a facial constitutional claim based on the separation-of-powers doctrine forfeits appellate review of the argument. *See Davis v. State*, No. 02-15-00163-CR, 2015 WL 5770516, at *2, *4 (Tex. App.—Fort Worth Oct. 1, 2015, pet. filed) (mem. op., not designated for publication) (holding that Davis failed to preserve his separation-of-powers challenge to imposition of certain court costs because he failed to present issue to trial court). We see no distinction, and Waddell does not argue how his arguments are distinct, from our recent holding in *Davis*. Thus, we hold that Waddell has failed to preserve these arguments for our review, and we overrule both of Waddell's points on appeal.

## IV. CONCLUSION

Having overruled both of Waddell's points on appeal, we affirm the trial court's judgment.

PER CURIAM

4

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 3, 2015