In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-14-00231-CR
_____

RAUL FERNANDO BARRON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 14-04-04074 CR

**MEMORANDUM OPINION**

A jury found Raul Fernando Barron guilty of violating the terms of his civil commitment, and following his punishment hearing, the jury also found the enhancement paragraphs to be true. The trial court followed the jury's recommendation and gave Barron a life sentence. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1219, § 8, 2007 Tex. Gen. Laws 4109, 4110 (amended 2015) (current version at Tex. Health & Safety Code Ann. § 841.085 (West Supp. 2015)) (Criminal Penalty; Prosecution of Offense); *see also* Act of May 23, 2011, 82nd

1

Leg., R.S., ch. 1201, § 8, 2011 Tex. Sess. Law Serv. 3197, 3200 (amended 2015) (current version at Tex. Health & Safety Code Ann. § 841.082 (West Supp. 2015)) (Commitment Requirements). In three issues, Barron challenges the constitutionality of section 841.085 of the Sexually Violent Predator Act, claiming that punishing him with a life sentence for failing to comply with the commitment guidelines constitutes cruel and unusual punishment, that section 841.085 is facially vague, and section 841.085, as applied in his case, is too vague to be enforced. We affirm the trial court's judgment.

In 2013, a grand jury indicted Barron for violating several terms of the trial court's order civilly committing him as a sexually violent predator. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1219, § 8, 2007 Tex. Gen. Laws 4109, 4110. The indictment includes enhancement counts, which allege Barron had previously committed several sequenced felonies. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2015). Given the enhancements, Barron was exposed to a potential life sentence if the jury found at least two of the enhancement allegations to be true. *See id.*

Barron filed a motion to quash the indictment on several grounds, but the record before us does not show that Barron requested a hearing on his motion or that the trial court ruled on his motion. Nevertheless, in 2014, the State re-indicted Barron. After he was re-indicted, Barron neither filed a motion seeking to quash

the amended indictment, nor did he file objections to the amended indictment. Additionally, Barron did not raise any objections during his trial asserting that section 841.085 was unconstitutional. Finally, Barron filed no post-trial motions asserting that section 841.085 was unconstitutional.

Before addressing Barron's issues, and given Barron's failure to obtain a ruling from the trial court on his claims that section 841.085 is unconstitutional, we must first address whether Barron preserved his right to appellate review of the issues he is raising for the first time in his appeal. Ordinarily, to preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, the failure to specifically object to an alleged cruel and unusual sentence in the trial court or in a post-trial motion waives any error for purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). We conclude that Barron waived any complaint with respect to his complaint that his punishment is cruel and unusual. We overrule issue one.

In his second and third issues, Barron argues that section 841.085 is unconstitutionally vague on its face and as it has been applied to him. Barron raised both of these issues in his motion to quash his original indictment, but the record does not show that the trial court ever ruled on that motion and the

indictment was amended. Apparently, the parties chose to treat Barron's motion to quash as moot after he was re-indicted.

The Texas Court of Criminal Appeals has held that both facial and as applied constitutional challenges to the validity of statutes must be preserved for review on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (concluding that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995) (holding that a defendant must properly preserve a constitutional "as applied" challenge in the trial court for appellate review). Thus, because Barron failed to obtain rulings from the trial court on the constitutional challenges he presents in his appeal, his complaints have not been properly preserved for our review. Tex. R. App. P. 33.1. We overrule issues two and three.

Because Barron failed to preserve any of the issues he presents in his appeal for our review on appeal, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 6, 2015
Opinion Delivered April 13, 2016
Do Not Publish
Before Kreger, Horton, and Johnson, JJ.

4