**Affirmed and Majority and Concurring Memorandum Opinions filed March 12, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00902-CR

---

## DOUGLAS HARRY YOUNG, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 16CR2784**

---

### MAJORITY MEMORANDUM OPINION

We consider two issues in this appeal from a conviction for aggravated sexual assault of a disabled individual: (1) whether appellant was denied the effective assistance of trial counsel, and (2) whether two statutes are unconstitutional. For reasons explained more fully below, we conclude that the first issue is without merit, and that the second issue is not preserved. We therefore affirm the trial court's judgment.

# BACKGROUND

The complainant in this case is thirty-three years of age, but due to a severe disability, she has the mind of a five-year-old. She graduated from high school under a special education program, but she cannot read. She can barely write, and even then, her writing capability is limited to just a "scribble scratch" of her name and words she has been asked to copy.

The complainant lives with her younger sister and her family, who have to constantly watch over the complainant to protect her from herself. The complainant has burned herself in the bathtub because she does not know how to regulate the water temperature. She has mistaken a pain relief cream for toothpaste. And she has been known to answer the door for anyone, without appreciating the risk of "stranger danger."

The complainant had a close personal relationship with appellant, her stepfather, with whom she maintained regular contacts even after the death of her mother. The complainant would visit appellant on the weekends, and they would play darts and watch baseball together.

After one weekend visit, the complainant returned home to her sister appearing red, flustered, and smelling of alcohol. The complainant told her sister that she had consumed two bottles of wine. The sister was upset because alcohol interfered with the complainant's seizure medication. The complainant "shut down" during this conversation and then abruptly changed the subject, telling her sister that appellant had touched and kissed her vagina. Later, the complainant told her sister's husband that appellant's private parts were around her private parts. The sister and her husband reported the incident to police.

Appellant gave a voluntary, pre-arrest statement to police, in which he admitted that he had been having sex with the complainant for more than a year. He said that he never forced himself upon the complainant, and that she was always a willing participant. Despite being aware of the complainant's mental handicaps, appellant opined that the complainant was capable of determining for herself whether having sex was right or wrong. He also said that he had "strong feelings" for the complainant, and that he had contemplated marrying her.

Appellant did not testify during the guilt phase of his trial, but his pre-arrest statement was admitted into evidence for the jury's consideration. His defensive theory was that no crime had been committed because the sexual relationship was consensual.

The complainant's sister responded that the relationship could not have been consensual because the complainant was incapable of understanding sex. The sister testified that the complainant "probably thought sex was kissing." The sister also added that the complainant does not understand that sex can result in pregnancy: "She thinks that people go to the store to have babies put in the belly."

The jury rejected appellant's defensive theory and convicted him as charged. Appellant filed a motion for new trial, but only on the bare grounds that "the verdict in this cause is contrary to the law and the evidence." That motion was overruled by operation of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Now on appeal, appellant asserts two claims of ineffective assistance of counsel. The first claim relates to the outcry testimony from the complainant's sister and her husband. The State gave notice that it intended to call both witnesses as outcry witnesses because the complainant allegedly made different outcry

3

statements to each of them. Appellant counters that the outcry statements concerned the same event, and that the husband should not have been allowed to testify because he was not the first person in whom the complainant had confided. *See* Tex. Code Crim. Proc. art. 38.072, § 2(a)(3) (providing that only the first person can be the outcry witness). Appellant accordingly believes that his trial counsel was ineffective because counsel did not object to the husband's cumulative outcry testimony.

To prevail on his claim of ineffectiveness, appellant had the burden of proving that his counsel's performance was deficient, and that the deficient performance was so prejudicial that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When assessing counsel's performance, we look at the totality of the representation and to the circumstances of the case, not to isolated instances in the record reflecting errors of commission or omission. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). We will only conclude that counsel's performance was deficient if it fell below an objective standard of reasonableness. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). This is not a low threshold. Our review of counsel's performance is highly deferential, beginning with the strong presumption that counsel's decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The record here shows that counsel made a deliberate decision to waive any challenge to the husband's outcry testimony. When the State attempted to schedule a hearing to determine the admissibility of that testimony, counsel explained his waiver as follows: "I don't necessarily want to have a hearing on that. [Appellant] and I have talked to what our strategy is. That doesn't play into our defense."

4

Appellant's defense was that his sexual relationship was consensual, not that it never existed. The husband's outcry testimony did not negate appellant's theory about consent. The husband's outcry testimony merely provided additional proof that the sexual relationship actually existed. Because the husband's outcry testimony did not negate appellant's defensive theory, counsel could have reasonably concluded that there was no advantage to be gained by challenging it.

And even if counsel had successfully challenged the husband's outcry testimony, the same evidence about the existence of the sexual relationship would have been admitted through appellant's own pre-arrest statements to police. Thus, appellant cannot show that he was prejudiced by counsel's decision not to object.

The next claim of ineffectiveness focuses on opinion testimony from the sister and her husband, both of whom opined that the complainant was incapable of consenting to a sexual relationship. Appellant contends that counsel should have objected to this testimony because neither witness was an expert.

The record does not reveal counsel's reasons for failing to object to the opinion testimony. Because the record is silent regarding counsel's omissions, we must adhere to the presumption that counsel was motivated by sound trial strategy.[1] *See Mallett v. State*, 65 S.W.3d 59, 67 (Tex. Crim. App. 2001). We therefore conclude that appellant failed to show that counsel's performance was deficient.

---

[1] We note that appellant opined in his pre-arrest statement that the complainant was capable of consenting to a sexual relationship. Counsel may have reasonably concluded that if appellant could opine on this subject despite being just a layperson, then the sister and her husband could form the opposite opinion that the complainant was incapable of consenting to a sexual relationship. *See* Tex. R. Evid. 701 (governing the admissibility of opinion testimony).

## STATUTORY CHALLENGES

In his next issue, appellant challenges the constitutionality of two different statutes. The first statute is Article 38.072 of the Texas Code of Criminal Procedure, which provides a hearsay exception for certain types of outcry statements. Appellant contends that this statute is unconstitutional because it is overly broad and vague.

The second statute is Section 22.021 of the Texas Penal Code, which creates an offense for the aggravated sexual assault of a disabled individual. Appellant contends that this statute is unconstitutional because it "does not allow for there ever to be a circumstance where a disabled person can consent to sex."

The State urges us to dispose of both complaints without reaching the merits because appellant failed to preserve error and because the complaints are inadequately briefed. We agree with the preservation point. Appellant did not challenge these statutes at any point in the trial court, either on facial or as-applied grounds. Therefore, he cannot raise these challenges for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenges must be preserved in the trial court); *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (as-applied challenges must be preserved in the trial court).

## RESPONSE TO THE CONCURRING OPINION

The concurring opinion is premised on a misunderstanding of our civil and criminal laws. The concurring opinion begins by referring to a civil statute, which provides that an intellectually disabled person has the right to the presumption of competency. *See* Tex. Health & Safety Code § 592.021. The concurring opinion then uses this statute to advance an argument that the complainant in this case has been deprived of her fundamental right to engage in sexual relations because the complainant appeared before a jury as a witness, not as a party, and the jury

6

determined, without prior notice, that the complainant was incompetent to have sex. The concurring opinion regards this determination as "constitutionally troubling." We do not share that view.

The presumption of competency exists as part of a broader statutory scheme of protecting "persons with intellectual disabilities." *Id.* § 592.012 ("Each person with an intellectual disability has the right to protection from exploitation and abuse because of the person's intellectual disability."). The criminal statute under which appellant was charged and convicted is consistent with that scheme because it criminalizes sexual assaults against "disabled individuals."

The criminal statute defines a "disabled individual" as "a person older than 13 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect the person's self from harm or to provide food, shelter, or medical care for the person's self." *See* Tex. Penal Code § 22.021(b)(3). This criminal definition could also (though it may not always) cover a "person with an intellectual disability," which is defined under the civil statute as "a person determined by a physician or psychologist licensed in this state or certified by the department to have subaverage general intellectual functioning with deficits in adaptive behavior." *See* Tex. Health & Safety Code § 591.003(15-a). There is no age restriction under the civil definition, and a person with an intellectual disability may still be able to protect herself from harm, find her own employment, or provide for her own food and housing. *Id.* at § 592.015 (providing protection from employment discrimination); *id.* at § 592.016 (providing protection from housing discrimination).

The State proved that the complainant qualified as a disabled individual. The evidence showed that the complainant cannot prepare her own meals. She cannot regulate the water temperature when taking a bath. She cannot protect herself from strangers. She cannot read, or write, or work.

7

Though it had no such burden, the State also proved that the complainant qualified as a person with an intellectual disability. A psychologist directly testified that the complainant demonstrated "significantly subaverage general intellectual functioning concurrent with deficits in adaptive behavior."

Under the criminal statute, the State was required to prove that the sexual assault occurred without the consent of the complainant. The jury was charged that the sex was nonconsensual if appellant knew that the complainant "as a result of mental disease or defect [was] at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it." *See* Tex. Penal Code §§ 22.011(b)(4), 22.021(c). If the evidence showed that the complainant was incapable of appraising the nature of the sexual act, then the State necessarily rebutted the complainant's presumption that she was competent to engage in sex.

Here too, the State satisfied its burden of proving that the complainant did not consent because she was incompetent. The sister testified that the complainant did not understand sex or its consequences. The complainant similarly testified that she did not know how babies were made. The complainant even asserted that girls have penises. Defense counsel did not cross-examine the complainant or otherwise try to elicit any testimony from her that she had the capacity to engage in sex.

The concurring opinion appears to be troubled by the jury's implied finding that the complainant is incompetent because the evidence showed that the complainant was never involved in a guardianship proceeding before the offense occurred. But a guardianship is not an element of the offense—and for good reason. Guardianships are expensive and in many cases unnecessary. People who care for disabled relatives at home should not have to initiate such proceedings in order to protect the disabled from sexual predators.

8

Our laws ensure that the class of persons who are most vulnerable to sexual assault are in fact protected from sexual assault. We do not agree with the concurring opinion that our laws run the danger of infringing the fundamental rights of this vulnerable class.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jewell, and Hassan. (Hassan, J., concurring). Do Not Publish — Tex. R. App. P. 47.2(b).